HICKMAN N. ROBB, Appellant, *v.* CHICAGO AND ALTON RAILROAD COMPANY, Respondent.

1. *Damages — Illinois railroads, whose chief place of business is not in St. Louis — Jurisdiction of courts of this State.* — In suit for damages against the Chicago, Alton and St. Louis Railroad Company, the proof showed that by defendant's charter its "chief office" was to be held in Chicago; that the company had an office in the city of St. Louis for the sale of tickets and for receiving and handling freight; but the general freight office, the offices of the president and secretary and the board of directors, were in Chicago. *Held,* that under the statute concerning corporations (Wagn. Stat. 292, ¿ 19) the courts of this State had no jurisdiction.

Where the road terminates opposite the city of St. Louis, and has its chief office for the transaction of business in St. Louis, then the law regards it as a domestic corporation and amenable to the jurisdiction of our courts by the ordinary process of summons.

*Error to St. Louis Circuit Court.*

*T. S. Espy*, for appellant.

*Dryden, Lindley & Dryden*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

This was an action brought in the St. Louis Circuit Court to recover damages for the negligently running of the defendant's engine and cars against the wagon and horses of the plaintiff at a public road-crossing in the State of Illinois.

The petition alleged that the defendant was an incorporated company duly organized under an act of the Legislature of the State of Illinois, and that it operated a railroad terminating opposite the city of St. Louis, and that its chief office or place of business was in the city of St. Louis.

The answer was in effect a plea to the jurisdiction of the court, and put in issue the allegation as to the location of the defendant's chief office or place of business.

On the trial the plaintiff read in evidence the defendant's charter, the fourth section of which provides that "the chief office of said corporation shall be in the city of Chicago." Evidence was also given showing that although the defendant had an office in St. Louis for the sale of tickets and for receiving and handling freights, yet the general freight office, the offices of president and secretary and the board of directors, were at Chicago. Upon these facts the court dismissed the case for want of jurisdiction, and the plaintiff appealed to this court. There is but one question to be determined, and that is the jurisdiction of the court.

The statute in reference to corporations provides that "any corporation incorporated by any other State or country, and having property in this State, shall be liable to be sued, and the property of the same shall be subject to attachment in the same manner as individuals, residents of other States or countries and having property, are now liable to be sued and their property subject to be attached; provided that all railroad companies who own and operate roads terminating opposite the city of St. Louis, and whose chief office or place of business is in the city of St. Louis, shall be sued in the same manner, and no other, that railroad companies chartered by the laws of this State are sued." (1 Wagn. Stat. 292, § 19.) The same provision, as to bringing suits against railroad companies owning or operating roads ter-

minating opposite the city of St. Louis, is made in the practice
act (2 Wagn. Stat. 1006, § 2).

The jurisdiction is everywhere made to depend on the fact that
the corporation has its chief office or place of business located in
St. Louis. Where the chief office or place of business is kept in
the city of St. Louis, then it may be proceeded against and sued
and served with process in the same manner as home companies
chartered by this State. But where the chief office or place of
business is not situated within the city of St. Louis, then the
only mode of proceeding against it is by the process of attachment.

In Farnsworth v. Terre Haute, Alton & St. Louis R.R. Co.,
29 Mo. 75, Judge Napton, in construing this statute, said:
"When the foreign corporation has located here and has its chief
office or place of business here, it seems no longer to be regarded
as a foreign corporation. It may be sued as an individual resi-
dent here. The president, secretary, etc., are of course here, or
such officers as, under our statute, would enable a suit to be
brought and service to be had; and there is no necessity for giving
the extraordinary process of attachment against it, any more than
against a domestic corporation whose chief office is here. Having
its chief office here, it ceases to be, for all the purposes of this
law, a foreign corporation."

Again, in another case, where jurisdiction was assumed over a
corporation chartered and created by the laws of another State,
Judge Holmes, in delivering the opinion of this court, said:
"The facts stated show that the city of St. Louis was the domicile
and home port of these ferry-boats; that the owner, though a
corporation created in another State, had a principal office and
place of business in this city, and was a resident here within the
meaning of our law; that the chief officers of the company resided
here and were the acting managers for the owner, and that the
boats plied from and to their home port, and were subject to the
immediate control of the officers and agents residing here." (City
of St. Louis v. Wiggins Ferry Co., 40 Mo. 580.)

The statute, we think, is plain, and there can be no doubt as
to its meaning, but the above citations have been made to show
the uniform construction placed upon it by this court. Where the

road terminates opposite the city of St. Louis, and it has its chief office for the transaction of business here, then the law regards it as a domestic corporation and amenable to the jurisdiction of our courts by the ordinary process of summons. But all the evidence in this case shows that the defendant's chief office and place of business is in Chicago, and therefore we can not subject them to this proceeding.

Judgment affirmed. The other judges concur.