EATON *v.* ST. LOUIS SHAKSPEAR MINING & SMELTING Co. and others.

*(Circuit Court, E. D. Missouri.   March 28, 1881.)*

1. CORPORATIONS—JURISDICTION—CITIZENSHIP.

A corporation is, for jurisdictional purposes, to be regarded as a citizen of the state under the laws of which it is organized.

2. FOREIGN CORPORATIONS—SERVICE OF PROCESS.

Where, by the local law, a foreign corporation is amenable to suit in the courts of the state, service being made upon an agent within the state, the federal courts may be regarded as courts of the state, and may take jurisdiction upon such service as would be good in a state court.

3. SAME—JURISDICTION.

A federal court has no jurisdiction over a foreign corporation, in the absence of local law conferring jurisdiction on the state courts, though the corporation does business through an agent and has an office within the district where the court is held.

4. SAME—CONSTRUCTION OF STATUTE.

Under the Revised Statutes of Missouri, which provide (section 3489) that "a summons shall be executed, except as otherwise provided by law : * * * *fourth*, where defendant is a corporation or joint-stock company, organized under the laws of any other state or country, and having an office or doing business in this state, by delivering a copy of the writ and petition to any officer or agent of such corporation or company in charge of any office or place of business; or, if it have no office or place of business, then to any officer or agent or employe in any county where such service may be obtained." *Held*, that as the St. Louis court of appeals has decided, in a case now before the supreme court of the state, that the above statute does not enlarge the jurisdiction of the state courts, nor authorize suits *in personam* therein against foreign corporations in cases not coming within the laws previously in force, but simply provides a substitute for constructive notice in a proceeding against such corpora-

tions; that the ruling of said court of appeals should be followed by United States courts, unless it is overruled by the supreme court of Missouri.

*In Equity. On motion to dismiss for want of jurisdiction.*

The respondent, the St. Louis Shakspear Mining & Smelting Company, is a corporation organized under the laws of Illinois, and by its charter its principal office is declared to be in the city of St. Louis, in the county of St. Clair, and State of Illinois. The bill alleges that all the stockholders and officers of the corporation were, at the time of the organization of the company, and still are, citizens of Missouri and residents of the city of St. Louis. The complainant claims to be a creditor of this corporation in the sum of $3,150, and brings this suit to compel the several stockholders to contribute ratably to the payment and satisfaction thereof. The bill contains the following averment:

"Complainant further states that this corporation respondent has ceased doing business, having the debt aforesaid due and unpaid; that it has no office or agent in the city of East St. Louis, nor in the state of Illinois, nor is there any property anywhere belonging to said corporation out of which said debt, or any part of it, can be made."

The marshal's return as to service of summons on the corporation is as follows:

"I have executed this writ by delivering a copy thereof, together with the petition thereto attached, to Lorenzo Brown, secretary of the within-named St. Louis Shakspear Mining and Smelting Company, at the office of the secretary of said company, at 603 Washington avenue, in the city of St. Louis, in said district, on the fourteenth day of February, 1881, he being in charge of said office, and I being unable to find the president or other chief officer of said company in said district."

The motion is to dismiss upon the ground that it appears from the record that the corporation respondent is neither a citizen of nor found in the district, within the meaning of the act of congress defining the jurisdiction of the circuit court of the United States, approved March 3, 1875.

*Wickham & Robertson,* for motion.

*Dyer & Ellis,* for complainant.

McCrary, C. J. The respondent corporation was organized, under the law of Illinois, to carry on the business of mining, and is for jurisdictional purposes to be regarded as a citizen of that state. The motion to dismiss being before us for consideration, the important question is whether such a foreign corporation can be sued in this court upon the ground that it has an office in the city of St. Louis for the transaction of its business, and upon service made at such office upon its secretary. We construe the return as showing that service was made upon the secretary at the office of the company in

the city of St. Louis.    The general question of the right of a
creditor of a foreign corporation to sue such corporation in a
federal court of any district in which it may have an office,
and an officer or agent for the transaction of the general
business, has been considered in the following, among other,
cases:  *Railway Co.* v. *Harris,* 12 Wall. 65; *Ex parte Schol-
lenberger,* 96 U. S. 369; *Hayden* v. *Androscoggin Mills,* 1
FED. REP. 93; *Runkle* v. *Ins. Co.* 2 FED. REP. 9; *Brownell* v.
*R. Co.* 3 FED. REP. 761; *Williams* v. *Transp. Co.* 14 O. G.
523; *Wilson Packing Co.* v. *Hunter* 7 Reporter, (Boston,) 455.

*Railway Co.* v. *Harris* was a suit brought in the supreme
court of the District of Columbia against the Baltimore & Ohio
Railroad Company, a Maryland corporation.    It was held
that the corporation was *found* within the District of Colum-
bia.    The act of congress, upon the construction of which the
question was decided, authorized the company to build a
branch road into the District of Columbia, and provided as
follows:

"And the said Baltimore & Ohio Railway Company are hereby author-
ized to exercise the same powers, rights, and privileges, and shall be sub-
ject to the same restrictions, in the construction and extension of said lat-
eral road into and within said district, as they may exercise or be subject
to under or by virtue of the said act of incorporation, in the extension
and construction of any railroad within the state of Maryland, and shall
be entitled to the same rights, benefits, and immunities in the use of said
road, and in regard thereto, as are provided in said charter, except the
right to construct any lateral road or roads in said district from said lat-
eral road."

It was held that under this act, while there was but one
corporation in Maryland and the District of Columbia, there
was a unity of ownership throughout, and that the corpora-
tion might be sued in the District of Columbia for injuries
done on its road outside of said district.

In *Ex parte Schollenberger* the facts were—

That a foreign corporation was transacting business in Pennsylvania
under a statute which provided that the company should file a written
stipulation agreeing that process issued in any suit brought in any court
of the commonwealth having jurisdiction of the subject-matter, and
served upon an agent specified by the company to receive service of
process for it, should have the same effect as if personally served upon
the company within the state.

It was held in this case that a corporation may consent to be sued in a foreign state in consideration of its being permitted to carry on its business there, and accordingly it was held that such a corporation, doing business in Pennsylvania under said statute, was found there within the meaning of the act of congress. The decision is put directly upon the ground that the law of the state required foreign corporations to consent to be "found" there as a condition precedent to their being permitted to transact business in the state, and that the company in that case had so consented. These are the latest adjudications of the supreme court upon the subject.

In *Hayden* v. *Androscoggin Mills,* in the circuit court for the district of Massachusetts, *Lowell,* C. J., went further, and held that, independently of any local statute, a trading corporation is of right suable in a country in which it transacts an important part of its business.

*Runkle* v. *Ins. Co.* is in all respects like the case of *Ex parte Schollenberger,* and was decided upon the authority of that case, and under a similar statute.

In *Wilson Packing Co.* v. *Hunter* it was held by *Drummond,* C. J., that a Missouri corporation, owning and possessing a slaughter-house and stock-yard in East St. Louis, Illinois, where beef to be canned by said company was slaughtered and dressed for and in the name of the company, could be sued in the circuit court of the United States for the southern district of Illinois. The liability of such a corporation to be sued in Illinois it was held might be inferred from its right to do business in that state, although there was no express provision of law authorizing service upon it within that state.

In *Williams* v. *Transportation Co.,* in the United States circuit court for the eastern district of New Jersey, it was held that a foreign corporation, without charter from a state, but transacting business therein and amenable to process of its courts in accordance with local law, is *found* within the state in the sense of the judiciary acts, and may be sued in the United States circuit courts. It will be seen by an examination of these and other cases that, according to the great

weight of authority, the most that can be claimed in favor of the jurisdiction of federal courts is that where, by the local law, the foreign corporation is amenable to suit in the courts of the state, service being made upon an agent within the state, the federal courts may be regarded as courts of the state, and may take jurisdiction upon such service as would be good in a state court.    At all events, we are unwilling to go further than this.    We do not agree to the proposition that the mere fact that a foreign corporation does business within the district brings it within our jurisdiction, in the absence of a local law which authorizes service of the process of the state court upon it.    The state and federal courts, upon a question such as this, should be governed by the same rule, to the end that citizens litigating their rights in the two forums shall stand upon an equality.

It becomes necessary, therefore, to consider the legislation of this state upon the subject.    There is no statute in Missouri requiring foreign corporations in general, transacting business in this state, to subject themselves to the jurisdiction of its courts.    The Revised Statutes of 1855 contained a provision as follows:

"Any corporation, incorporated by any other state or country, and having property in this state, shall be liable to be sued, and the property of the same shall be subject to attachment in the same manner, as individual residents of other states and countries, having property, are now liable to be sued and their property subject to attachment." Rev. St. 1855, c. 34, § 22.

By act approved March 14, 1859, it was provided—

"that all railroad companies who own and operate roads terminating opposite to the city of St. Louis, whose chief office or place of business is in St. Louis, shall be sued in the same manner, and no other, that railroad companies chartered by the laws of this state are now sued." Acts 1859, p. 67.

These provisions were embodied in the Revision of 1865, *c.* 62, § 17.    By an act passed in 1877 it was provided as follows:

"All railroad corporations that own or operate roads terminating opposite to any point in this state, and which have offices or places of business in this state, shall be sued in the same manner as railroad corporations chartered by this state." Laws 1877, p. 369.

Similar statutes have from time to time been enacted with reference to foreign insurance companies, but, in general terms, applying to all foreign corporations. Another statute, and the one chiefly relied on by complainant, provides as follows:

"A summons shall be executed, except as otherwise provided by law: * * * *fourth*, where defendant is a corporation or joint-stock company, organized under the laws of any other state or country, and having an office or doing business in this state, by delivering a copy of the writ and petition to any officer or agent of such corporation or company in charge of any office or place of business; or, if it have no office or place of business, then to any officer, agent, or employe, in any county where such service may be obtained."

It has been held by the supreme court of Missouri that under the above-mentioned act of March 14, 1859, foreign railroad companies were not liable to be sued in the courts of this state without an attachment of property, unless in the case of a company owning a railroad terminating opposite the city of St. Louis, and having its chief office for the transaction of its business in that city. *Robb* v. *Railroad Co.* 47 Mo. 540, and cases cited. This was held upon the principle that a statute specifying what particular foreign corporations may be sued in this state necessarily excludes suits against such as are not included within the terms of the law. The latter act enlarges the right of suit by extending it to railroad companies having lines of road terminating opposite to *any point in this state*, and which have an office or place of business in this state, whether it be its *chief* office or not; but it still applies only to railroad corporations.

It is thus seen that the action in the present case could not be maintained in a state court under the decisions of the supreme court of Missouri, in the absence of the last statute above quoted. The question, then, is, does that statute enlarge the jurisdiction of the courts of the state, and authorize suits *in personam* therein against foreign corporations, in cases not coming within the laws previously in force? It will be observed that it is a statute regulating the service of summons upon a foreign corporation. The natural construction of such a statute is that it is intended to regulate service of process in such cases as are authorized by law to be

brought—in such cases as come within the jurisdiction of the court; not that it is intended to confer jurisdiction in cases not covered by previous legislation. It is strongly urged by counsel that the act was intended by the legislature to go further, and to authorize suits to be brought against all foreign corporations having offices and agents in this state, and it is said that great inconvenience will result from any other construction. We recognize the fact that it is important that laws should be enacted authorizing suits against corporations wherever they are found doing business; but it must also be conceded that it is the duty of the legislature, and not that of the courts, to make such laws. If the statute of Missouri, as it now stands and being fairly construed, does not authorize such suits to be brought in the courts of the state, we are not disposed to assert the jurisdiction of this court. Although the supreme court of this state has not passed upon the question of the true construction of the act last mentioned, it has received the careful consideration of the St. Louis court of appeals, in the recent case of *McNichol* v. *U. S. Mercantile Reporting Agency*, where, in a well-reasoned opinion, it is held that the statute does not authorize suits against *all* foreign corporations doing business in this state. It is held that the several acts must be construed together; that they are not necessarily in conflict, and that it is the duty of the courts to give full effect to each; and it is said:

"The clause in question is perfectly consistent in terms with section 742. The latter section prescribes in exact terms what right of action shall exist against foreign corporations. The section under consideration goes no further than to prescribe the manner in which process shall be served on such corporations. It says nothing about the effect of such service; that is left subject to the operation of other provisions of the Revised Statutes, and under those provisions it can have no more operation than as a substitute for constructive notice in a proceeding against a non-resident individual."

For the present, and until the question shall be decided by the supreme court of Missouri, we shall adopt and follow this ruling. As, however, the case first cited is now, as we understand, pending on appeal in the supreme court of the state, the complainant may, if he see fit, have this case continued

until that court shall give an authoritative construction to the statute, which will be adopted by us as the rule of decision here. If complainant does not adopt this suggestion the motion to dismiss will be sustained.