LADD AND BUSH, APPELLANTS, *v.* C. M. CARTWRIGHT, RESPONDENT.

CORPORATION—LIABILITY OF ASSIGNEE OF UNPAID STOCK.—Under the constitution, the individual liability of stockholders for the indebtedness of the corporation is limited to the amount of their stock subscribed and unpaid. All sales of stock in a corporation transfer all rights therein to the purchaser, who thereby becomes liable for the payment of any unpaid balance due or to become due thereon when duly demanded by the directors of the corporation.

IDEM—LIABILITY OF ASSIGNOR.—If the sale be voluntary, the seller is not discharged from liability to existing creditors for such unpaid balance, unless the same be duly paid by such purchaser. The liability, however, of such seller is contingent and does not become absolute until there is a failure to pay such balance by the purchaser after the same has been duly demanded by the proper officers of the corporation.

IDEM—EQUITY SENT IN PROPER REMEDY.—The creditors of a corporation can not proceed in the first instance against a stockholder upon his individual liability without first having shown that he has exhausted his remedy against the corporation. The remedy of a creditor of a corporation against a stockholder upon his individual liability is in equity where the rights of the corporation, the stockholders, and all the creditors may be adjusted in one suit.

APPEAL from Marion County.

On the twentieth of April, 1873, the Pioneer Oil Company, a private corporation was indebted to the appellants in the sum of forty-four thousand five hundred dollars. On that day the respondent voluntarily sold one hundred and forty shares of the stock of the corporation of which he was the owner.

At the time of such sale there was unpaid upon each of the shares sold the sum of seventy dollars, on the one hundred and forty shares the sum of nine thousand eight hundred dollars, of which there remained unpaid at the commencement of the action sixty dollars per share, or upon all the shares eight thousand four hundred dollars.

This action was brought to recover from Cartwright, the seller of the stock, this unpaid balance.

The court sustained a demurrer to the complaint alleging these facts and the respondent had judgment, whereupon this appeal was brought.

*W. W. Thayer and J. A. Stratton* for appellants:

The constitution of this state, article XI, section 2, declares that, " The stockholders of all corporations and joint stock companies shall be liable for the indebtedness of said corporation to the amount of their stock subscribed and unpaid and no more." Section 14 of title 1, chapter 7, Miscellaneous Laws, Civ. Code, page 527, "in relation to the formation of private corporations," is as follows: " All sales of stock, whether voluntary or otherwise, transfer to the purchaser all rights of the original holder or person from whom the same is purchased, and subject such purchaser to the payment of any unpaid balance due or to become due on such stock; but if the sale be voluntary, the seller is still liable to existing creditors for the amount of such balance, unless the same be duly paid by such purchaser." Under this section of the constitution, and the section of the statute quoted, does the liability of the stockholder continue after the sale of his stock? The obligation was incurred as soon as the debt was contracted and continues until payment. (*Corning* v. *McCullough*, 1 N. Y. 47.)

The personal liability of the stockholder is immediate and absolute, and the stockholders are answerable to creditors of the company as original and principal debtors. (*Conklin* v. *Furman*, 57 Barbour, 484, 487.) Those who deal with corporations, bestow their labor or part with their money on the credit of those who are known to be stockholders. (*Moss* v. *Oakley*, 2 Hill, 265, 270.) It will not be pretended that the debtor in this case, more than in any other case has, or ought to have, the power to shift his liability to any one less able to bear it, or utterly worthless, so as to cheat the creditor out of his labor or his money. The nature of the liability is that of contract. (*Corning* v. *McCullough*, 1 N. Y. 59.) Debt is the proper form of action against the stockholder for a debt contracted by the company. (*Simonson* v. *Spencer*, 15 Wend. 548; *Bank of Poughkeepsie* v. *Ibbotson*, 24 Wend. 478, 479.) The liability is several, not joint. (Id.)

The remedy of the creditor against the stockholder is ade-

quate and complete at law and not in equity. (*Bank of Poughkeepsie* v. *Ibbotson*, 24 Wend. 478, 479; *Paine* v. *Stewart*, 33 Conn. 516, and note.) The complaint in this case alleges the facts; that the corporation was indebted to plaintiffs, and that the defendant was a stockholder. We claim that those facts under the constitution and the statute in accordance with it render the defendant liable. His liability does not depend on the insolvency of the corporation, and that fact need not be alleged. (*Perkins* v. *Church*, 31 Barb. 84; *Paine* v. *Stewart*, 33 Conn. 516, and note; *Alibone* v. *Hager*, 46 Pa. 48; *McCarthy* v. *Lovashe*, in Supreme Court of Illinois, reported in Chicago Legal News, July 13, 1878; *Tibbals* v. *Libby*, decided in same courts June 21, 1878, and reported in the Central Law Journal of September 6, 1878.)

*Rufus Mallory, and Tilmon Ford*, for respondent:

The respondent would not be liable if his stock had been sold under execution. See section 14 of chapter 7, page 527 of the General Laws of Oregon, which reads as follows:

Sec. 14. "All sales of stock, whether voluntary or otherwise, transfer to the purchaser all rights of the original holder or person for whom the same is purchased, and subject such purchaser to the payment of any unpaid balance due or to become due on such stock; but if the sale be voluntary, the seller is still liable to existing creditors for the amount of such balance, unless the same be duly paid by such purchaser."

The last clause of this section negatives the idea that one who has sold his stock and ceased to be a stockholder in a corporation, is liable at all to existing creditors of the corporation, under the constitution, or the first clause of this section. We think it also clear from the last clause of the section, that a seller of stock can only be proceeded against by existing creditors of the corporation for the amount of the "unpaid balance due * * * on such stock." If there is an "unpaid balance to become due on such stock," and creditors do not wish to trouble the corporation with debts "due" by it to them, they must wait until "such unpaid balance" becomes due, and see if the same be not

" duly paid by such purchaser," before asking the " seller " to pay it.

The complaint does not show that there is any part of the eight thousand four hundred dollars sued for due on the stock sold by the respondent; and in this we think the complaint fatally defective. The complaint in an action or suit by a creditor or creditors of a corporation, against a seller of its stock, must show:

1. That the balance claimed is due upon the stock;

2. That such proceedings have been had against the purchaser thereof as to make it his duty to pay it;

3. That the purchaser is then in default, or has not duly paid;

4. We also contend that even if there was an " unpaid balance due " on the stock sold by respondent, that appellants could not, under this section, maintain an action at law against him therefor. There is no privity of contract between the creditors and stockholders of a corporation.

The proper remedy of a creditor of the Pioneer Oil Company, under this section, is by a suit in equity, in which all the creditors should join, or one or more of them should sue for the benefit of all; and the suit should be against the company and all the stockholders, unless it be impracticable to bring them all before the court, or some other sufficient reason for omitting any of them, be shown. (14 Wis. 762; 10 Metcalf, 525; 8 Cush. 93; 13 Wis. 57; 23 Pick. 112.)

By the Court, PRIM, J.:

The respondent was not an original subscriber of stock in this corporation, nor was he the holder of any stock therein at the time when this action was commenced; but it is sought to maintain this action against him upon the ground that he was the owner of one hundred and forty shares of its stock by purchase on and from April 20 until April 23, 1873, at which said last mentioned date he made a voluntary sale of the same, and that at said date the said corporation was indebted to appellants in the sum of forty-four thousand five hundred dollars for money before that time loaned and paid for said corporation, which sum, it is alleged, was due and

unpaid at the time when this action was commenced; and that upon each of said shares there remains an unpaid balance of sixty dollars, amounting in the aggregate to eight thousand four hundred dollars, and for which amount appellants demand judgment in part satisfaction for the said debt due them from said corporation.

In this state there is a general law under which private corporations may be formed and organized for the purpose of carrying on any lawful enterprise, business or pursuit. When the capital stock of such corporation is subscribed it may be fully organized by electing a set of directors, who become the trustees of its assets and property, for the use and benefit of its stockholders and creditors. Whenever required by the directors, it becomes the legal duty of the stockholders to pay to the treasurer of the corporation the amount of their stock subscribed, or whatever percentage thereof may be required, which constitutes its assets, to be used in the transaction of its business and in the payment of its debts.

Article XI, section 2 of the constitution provides that " the stockholders of all corporations and joint stock companies shall be liable for the indebtedness of such corporation to the amount of their stock subscribed and unpaid, and no more."

By this clause the individual liability of stockholders for the indebtedness of the corporation is limited to the amount of their stock subscribed and unpaid. Whenever the full amount of their stock is paid into the corporation they are discharged from any further personal liability to its creditors.

Section 14 of title 1, chapter 7, Miscellaneous Laws, code, p. 527, "in relation to the formation of private corporations," is as follows: " All sales of stock, whether voluntary or otherwise, transfer to the purchaser all rights of the original holder or person from whom the same is purchased, and subject such purchaser to the payment of any unpaid balance due or to become due on such stock; but if the sale be voluntary the seller is still liable to existing creditors for

the amount of such balance, unless the same be duly paid by such purchaser."

Under this section the owner and holder of stock may sell and transfer all his rights therein to another, who thereby becomes liable for "the payment of any unpaid balance due or to become due on such stock; but if such sale is a voluntary one the seller is not discharged from his liability to existing creditors for the amount of any unpaid balance, unless the same be duly paid by such purchaser."

Thus it will be seen that while it is the legal duty of such purchaser to meet and respond to any calls duly made by directors of the corporation against the stock purchased by him, for any unpaid balance due or to become due thereon, the liability of the seller to existing creditors of the corporation is not discharged unless the same is duly paid by such purchaser. As to existing creditors, the liability of the seller appears to be a contingent one, and only becomes absolute upon the failure of the purchaser to pay any balance due or to become due thereon when required by the directors of the corporation; or, in other words, under this provision of the statute as to this class of creditors, the seller is made to occupy the relation of surety or guarantor to the purchaser.

Thus, we apprehend that it is not sufficient to constitute a cause of action against a stockholder who has made a voluntary sale of his stock to aver that there is an unpaid balance due or to become due upon said stock which has not been paid, but it should be further averred that said unpaid balance, although duly demanded or required by the properly authorized officers of the corporation to be paid, remains unpaid.

In this respect the complaint is defective and insufficient to constitute an action against respondent, for the reason that it fails to show that a demand has been duly made upon the purchasers of said stock by the directors of the corporation to pay the balance remaining unpaid upon the stock purchased of respondent.

But, again, can a creditor of a corporation proceed in the first instance against a stockholder upon his individual

liability without first having shown that he has exhausted his remedy against the corporation? We think not.

The contracts being made with the corporation, there is no privity of contract between creditors and stockholders. A stockholder is not presumed to be familiar with the dealings of the corporation. A demand might be presented to him for payment which had already been paid, or against which the corporation is entitled to credits or offsets. And if an action at law can be maintained by a creditor against a stockholder, in the first instance, he may be subjected to the cost and expense of several actions at once by different creditors of the corporation.

But in the absence of any special and direct legislation as to how the individual liability of a stockholder may be enforced, we think it would be unreasonable as well as unjust to place any such construction upon the constitutional and legislative provisions heretofore referred to. For all that appears in the complaint to the contrary it may be that this corporation is not only engaged in carrying on its ordinary business for which it was organized, but entirely solvent and ready to pay off this demand of appellants upon presentation. No judgment is shown to have been obtained against the corporation and a want of sufficient assets out of which it might be satisfied. Not even an application for its payment is alleged to have been made to the corporation.

The next question presented for our consideration is whether the individual liability of a stockholder to existing creditors of the corporation may be enforced by an action at law, or whether a suit in equity must be resorted to. It is insisted by counsel for appellants that the remedy is at law, and to maintain the proposition, *Corning* v. *McCullough*, 1 Com. 47; *Simonson* v. *Spencer et al*, 15 Wend. 548; and the *Bank of Poughkeepsie* v. *Abbotson*, 24 Wend. 472, are cited. We have examined those cases and find that the statutes under which they were maintained are very different from ours. In *Corning* v. *McCullough*, the act of incorporation provides " that the stockholders * * * shall be jointly, severally and personally liable for the payment of all debts and demands contracted by the corporation,

and that any person having any demand against such corporation may sue any stockholder or director in any court having cognizance thereof." In *Simonson* v. *Spencer,* the language of the act is: " And any person having any demand against the said corporation may sue any stockholder singly, or any two or more stockholders jointly, and recover in any court having cognizance thereof." But upon the other hand, we find that there are many cases in which it has been held that the remedy is in equity, where the rights of the corporation, the stockholders and creditors can all be adjusted in one suit upon the principles of equality and justice.   And as the views presented in those cases recommend themselves to our consideration as the most reasonable and appropriate we have concluded to adopt them. The following authorities sustain this proposition: (19 Johns. 484; 8 Cow. 395; 20 Wall. 520; 14 Wis. 762; 1 Hopk. 305; 23 Pick. 112.)   In the last authority above referred to it was held that an action at law could not be maintained.

The court says: " If actions at law will lie, suits may be multiplied to an indefinite extent.   Each bill holder or other creditor must have his separate suit, and each stockholder must be sued separately.   Again, suits between stockholders to adjust their contributions would be interminable.   If a creditor's demand be larger than the amount of stock owned by any one, he must have several suits against several individuals on the same cause of action or lose a part of his demand.   If any one stockholder owned more stock than was needed to meet any one claim made upon him, he would be liable to several suits.

It may happen and probably has happened in this instance that a bank owes more than the amount of its whole capital. In such case there must either be a *pro rata* division among the creditors of what may be recovered, which would be impracticable in suits at law, or those who sue first must recover the whole of their debts, leaving others totally remediless, which would be palpably unjust.   The evils and inconveniences of attempting to inforce this section by suits at common law would be incalculable, and such remedy

would be inadequate, vexatious and mischievous. The only proper means of giving effect to this provision is by a process in equity, and this, of all cases which can arise, seems to call most loudly for a chancery jurisdiction.

To a bill in equity all persons, however numerous, might be made parties; and all the relative and conflicting claims of the many creditors and stockholders settled, and their proportionate rights to recover and liabilities to contribute adjudged in a single suit. We are all therefore of opinion that this case comes within the equity jurisdiction of the court, and that an action at law will not lie.

Being of opinion that the views expressed in the case above are correct, we adopt them as applicable to this case.

The decree of the court below dismissing the complaint with costs is affirmed.