# HODGES & WILSON *v.* SILVER HILL MINING COMPANY.

### CORPORATIONS—INSOLVENCY—STOCKHOLDERS' LIABILITY.

The general principle of law is that no suit can be maintained against the stockholders until a judgment has been obtained against the corporation, and an execution issued and returned *nulla bona*, but this principle is subject to some qualification.

Judgment and execution returned *nulla bona*, are only evidence of, and constitute one kind of proof of insolvency. Although the proof may be declared to be sufficient by statute, it does not exclude other methods.

Where a corporation is without any assets or property whatever, and notoriously insolvent, it is not necessary in such case to obtain a judgment against the corporation and return of execution *nulla bona*, before the liability of the stockholder can be enforced in equity. It is a maxim of the law that the law will not attempt to do an act which is vain, or to enforce an act which would be fruitless.

### LIABILITY SEVERAL AND LIMITED ON UNPAID STOCK.

The liability of a stockholder, under article IX., section 2, of the constitution, is a several and limited liability, as to which each stockholder stands alone, irrespective of the amount for which other stockholders are liable.

When it is made to appear by proof, that some of the stockholders of a corporation are insolvent, the solvent must pay the proportion of the insolvent, to be apportioned among them according to the amount of their stock subscribed and unpaid.

#### Pro rata Judgment.

Where a decree apportioned the payment of a judgment obtained against a corporation *pro rata* among the defendant stockholders, according to the amount of each of such stockholders' stock subscribed and unpaid, and there was no evidence or other fact showing that any such stockholders were insolvent: *Held*, there was no error in the decree.

Appeal from Linn. The facts are given in the opinion.

*Chenoweth & Johnson*, for appellants.

Contend that each stockholder of the corporation is liable to the extent of his stock subscribed and unpaid. (Constitution of Oregon, Article XI., section 3; 17 Ohio, 187.) The obligation is several as well as joint. (*Masters, et al.*, v. *Lead Mining Co.*, 2 Sanford's Ch. R., 301.)

The decree should be against the respondents, or either of them, and leave them to enforce contributions among themselves. (31 Barb., 84; Barbour on Parties, 476; 7 N. Y., 147; Abbott's Digest of Law of Corporations, 396; 17 N. Y., 458.)

Stockholders are liable like partners to creditors, except the liability of each is limited to the amount of stock subscribed and unpaid. (14 Wis., 700, 762; 33 Conn., 516.)

*Weatherford & Blackburn*, for respondents.

No suit can be maintained against the stockholders of a corporation until judgment has been obtained against the corporation, and an execution issued and returned *nulla bona*. The stockholders are only secondarily liable, and as against the corporation the appellant had a perfect and complete remedy at law. (43 Mo., 453; 118 Mass., 536; 4 Allen, 239; 85 Penn. St., 75; 17 Ohio St., 86; 45 Iowa, 604; 7 Or., 334; Thompson on Stockholders, sec. 317.)

This suit cannot be maintained, because it was not com-

menced on behalf of all the creditors.    (*Bush* v. *Cartwright*, 7 Or., 337.)

By the Court, Lord, C. J.:

This is a suit in equity, to fix the liability and recover the amount of a certain indebtedness, against the stockholders of the above-named corporation.    The allegations of insolvency, and the amount of the capital stock subscribed and unpaid, are not denied, and, of course, stand admitted.

The court below found that the corporation was indebted as alleged; was without any means or property, and insolvent and unable to pay the same, and that the defendant stockholders each subscribed the sum of fifteen thousand dollars, which was unpaid, and rendered judgment against the corporation for the amount of said indebtedness, and ordered that the plaintiffs have execution, as in actions at law, to enforce the decree against said defendants *pro rata*, to be computed by the clerk.

Before proceeding to pass upon the question submitted by the appellants, it becomes necessary to notice an objection of the respondents to the sufficiency of the complaint.    The objection is, that a suit cannot be maintained against the stockholders of a corporation until a judgment has been obtained against the corporation, and an execution issued and returned *nulla bona*.    This is the general rule, and ordinarily to be pursued, but it is subject to some modifications.    With but one exception, all the authorities cited to sustain that proposition are from those states where statutes have made such a proceeding a prerequisite, before the liability of the stockholders can be enforced.    But an examination of some of them will, at least, show instances in which the condition of the corporation, such as dissolution or insolvency, render this proceeding to judgment and return of execution *nulla bona* unnecessary.    We have no legislation in respect to this matter.

In the case of *Ladd & Bush* v. *Cartwright*, 7 Oregon R.,

329, there was nothing in the pleadings or record to show that the corporation was insolvent, or that any effort had been made to collect the debt, not even so much as a demand for its payment, and the court say: "For all that appears in the complaint to the contrary, it may be that this corporation is not only engaged in carrying on its ordinary business for which it was organized, but entirely solvent, and ready to pay off this demand on presentation."

We do not understand that the court intended to convey the idea that if the corporation was shown to be insolvent, and without any assets or property whatsoever, it would nevertheless be necessary to impose the fruitless task and additional costs of obtaining judgment against the corporation, and a return of execution *nulla bona.*

"A judgment and execution unsatisfied are evidence of insolvency, of inability to collect. They are, however, evidence *only*, and the fact may be established as well by other evidence; among other modes, by assignment, and by continuous suspension of business, or other notorious indications." (92 U. S. R., 161, and authorities cited.)

"Judgment, and execution returned *nulla bona*, only constitute one kind of proof of insolvency, although the proof may be declared to be sufficient by statute, it does not exclude other methods." (Thompson on the Liability of Stockholders, secs. 320 and 321.)

All that certainly can be said is that the return of *nulla bona* is the best evidence of insolvency, and the failure to pursue this course may be supplied by other proof that the principal is notoriously unable to pay his debts. (2 American Leading Cases, and authorities cited.)

The law does not require useless things, and we are at a loss to conceive what possible object could be accomplished by bringing a suit against an insolvent corporation, except for the purpose of accumulating costs, and increasing the burdens of the stockholders. Admitted to be an insolvent corporation, and without any assets or property whatever, it

seems to us that the mere bringing of a suit would be idle, vain, fruitless and unnecessary. As was said by Chancellor Kent, in *Trustees of Washington* v. *Nicoll*, 3 Johns., 56: "It is one of the maxims of the common law, which is a dictate of common sense, that the law will not attempt to do an act which is vain, or to enforce an act which would be fruitless."

From the proceedings in this suit it appears that the whole amount of stock subscribed by each stockholder is unpaid. Our constitution provides that the stockholders of all corporations and joint stock companies shall be liable for the indebtedness of such corporation to the amount of their stock subscribed and unpaid, and no more. (Article 9, sec. 2.)

To the extent of the stock subscribed and unpaid, each stockholder is liable for the indebtedness of the corporation. It is a several, distinct and limited liability, as to which each stockholder stands alone, irrespective of the amount for which others are liable, except that if he pays more than his proportion of such debts, he may, as in other cases, have contribution from his co-shareholders. In the absence of any legislation providing for the enforcement of this liability, the implication of law is that the common law would supply a remedy.

Our predecessors, however, conceived that the remedy in equity, where the rights of the corporation, the stockholders and creditors, could all be adjusted in one suit, upon principles of equality and justice, would be more appropriate, adopted the remedy in equity for the enforcement of such liabilities. (*Bush* v. *Cartwright*, 7 Oregon R., 329.) And this suit is brought in pursuance of the remedy established as applicable to such cases, and is a sufficient answer to the argument that the action should be at law.

It seems that the only indebtedness of the corporation is the claim of the appellants, or at least that is all that is made to appear in this suit. The amount of stock subscribed and unpaid of each stockholder is more than sufficient, many

times, to liquidate the amount of the judgment against the corporation. That fact, however, would not make it less oppressive in principle to select some one of the number of the defendant stockholders, and compel him to liquidate the judgment, because the amount of such judgment did not exceed the amount of his stock subscribed and not paid in, as claimed in the argument. It seems to us such a theory would frustrate some of the principal objects for which the remedy in equity was adopted; among which was that to enable the court to order such contribution amongst such stockholders as would be equitable, to raise the money to pay such claim.

This mode secures the payment of the indebtedness ratably, fixes, according to the liability, the burdens of such payment, and avoids the necessity of a multiplicity of suits.

But the question is propounded, who is to lose in case some of the stockholders are insolvent—the stockholders, or the creditors? Certainly not the creditors, so long as any of the stockholders, who are solvent, owe a sufficient amount on their stock to pay the indebtedness. In that event the indebtedness would have to be apportioned among those who were solvent, not to exceed, of course, the amount of each of such stockholder's liability on his stock subscribed and unpaid.

It is claimed that this principle has been violated in the case under consideration; that in the apportionment no regard was paid to the solvency or insolvency of the stockholders, and that for this reason, a portion of the debt is uncollectible. This is mere assumption, and not sustained by the record.

There is not a single fact, or scintilla of evidence to be found anywhere, in the proceedings of this suit, to show that the fact of the insolvency of any one or more of the defendant stockholders was brought to the attention of the court. In the absence of any proof the court cannot distinguish the insolvent from the solvent stockholders, or do otherwise than to apportion the indebtedness among them, fixing each stockholder's liability according to the amount of his stock subscribed and unpaid. How was the court to know who were

solvent and who were insolvent ? There is no evidence to instruct the court on this subject, not even so much as a suggestion. If any one or more of the stockholders were insolvent, the fact of such insolvency, like any other material fact, must be proved, and when proved to the satisfaction of the court, the decree would be moulded accordingly. In such case the decree of the court would be against such stockholders as are found to be solvent for the whole amount of the judgment rendered against the corporation, to be apportioned between them *pro rata,* according to the amount of each of such stockholder's stock subscribed and unpaid. As there is nothing to show that any of the defendant stockholders are insolvent, it follows that there is no error in the decree of the court below, and the same must be affirmed. Decree affirmed.