## FAULL *v.* ALASKA GOLD & SILVER MINING Co.

*(Circuit Court, D. Oregon.* January 4, 1883.)

DEBT DUE BY STOCKHOLDER TO CORPORATION.

Judgment was obtained by the plaintiff against the defendant for $19,002.05, and an execution thereon as against the defendant returned *nulla bona,* and served on F. B. Harrington, as a debtor of the defendant, for $168.50, on account of unpaid calls or assessments made upon said Harrington's shares in the capital stock of the defendant, to which Harrington answered he owed the defendant nothing; but the answer not proving satisfactory to the plaintiff, he procured an order under section 309 of the Code requiring the former to appear before a referee for examination; whereupon the plaintiff served written allegations concerning said indebtedness, as provided in section 162 of the Code, to which the garnishee demurred that the court had no jurisdiction, and that the garnishee is not liable in this proceeding. *Held,* (1) that the proceeding by garnishment under sections 150 and 161-9 of the Code does not authorize a demurrer to the allegations of the plaintiff, but requires an answer thereto by the garnishee, to which exceptions may be taken for insufficiency; (2) a due and unpaid call or assessment upon the shares of a stockholder in the capital stock of a corporation is a "debt" due such corporation, within the purview of section 147 of the Code, and may be collected from such stockholder by a judgment creditor of the corporation by garnishment, under sections 150 and 161-9, aforesaid.

At Law. Action to recover money.

*Rufus Mallory* and *James F. Watson,* for plaintiff.

*James Gleason,* for garnishee.

DEADY, D. J. On August 11, 1882, the plaintiff, a citizen of the state of California, obtained a judgment in this court against the defendant, a corporation organized under the laws of Oregon, for $19,002.05, upon which, on November 20th, an execution was issued and returned, as to the defendant, "no property found," and duly served upon F. B. Harrington as a debtor of said defendant, in the sum of $168.50, who thereupon answered that he did not owe the defendant anything.

The answer of Harrington not being satisfactory to the plaintiff, he obtained an order from this court, under section 309 of the Code of Civil Procedure, requiring the former to appear before a referee and be examined on oath concerning said indebtedness.

Thereupon, on December 15th, the plaintiff served upon said garnishee written allegations concerning the same, as provided in section 132 of. said Code, to which the garnishee, before the referee, demurred (1) that the court had no jurisdiction of the garnishee or the subject; (2) that the facts stated do not show a cause of action

or garnishment against the garnishee; (3) that there is a defect of parties plaintiff and defendant; and (4) that the plaintiff has not the legal capacity to sue; whereupon the proceeding was adjourned into court, and the questions made by the demurrer argued by counsel as upon a demurrer to a complaint.

This proceeding is taken and conducted under sections 150 and 161–9 of the Code of Civil Procedure.

By these, the garnishee is required to answer the allegations under oath, or judgment may be given against him for want of an answer, as in an action. The plaintiff may except to such answer for insufficiency, or reply to it, and the issues arising between the parties shall be tried as ordinary issues of fact. No provision is made for a demurrer to the allegation by the garnishee; and it would seem that the only mode by which he can raise the question of the jurisdiction of the court or the legality of the proceeding is to allege such want of jurisdiction or illegality in his answer, and decline to answer further on that ground. An exception to such an answer for insufficiency by the plaintiff would present the question of jurisdiction or legality as upon a demurrer to the allegations. The pleading of the garnishee in this case is denominated a demurrer, but it may be treated as an answer denying the jurisdiction of the court, and the liability of the garnishee to the defendant upon the facts stated in the allegations, to which exceptions may be filed as of the time of the argument.

In addition to the facts above stated, it also appears from the allegations of the plaintiff that the defendant has been a corporation, as aforesaid, since March 1, 1877, with its principal place of business at Portland, and having a capital stock of $300,000, divided into as many shares, of the par value of one dollar each; that F. B. Harrington is a citizen of Oregon, and on January 1, 1879, and until June 1, 1880, was the owner of 1,500 of said shares, since which he has been and still is the owner of 1,300 of said shares; that between April 27 and August 9, 1880, the defendant, by its board of directors, duly levied and called for assessments upon all the unpaid stock of said corporation, amounting in the aggregate to 14 per centum thereof, or $190 on the stock owned by said Harrington, and required the same to be paid at divers dates between May 15, 1880, and June 25, 1882, inclusive, of which sum only $21.50 has been paid by Harrington, leaving still due the defendant thereon the sum of $168.50.

The point relied on in the argument by the counsel for the garnishee is that the plaintiff's remedy is in equity, where all the creditors and stockholders may be made parties, and their rights and liabilities adjusted in one suit. In support of this position, counsel cites and relies on *Ladd* v. *Cartwright*, 7 Or. 329. That was an action at law by certain of the creditors of a corporation against an assignor of certain shares of its stock, who had owned such stock during the existence of their debt, for the unpaid balance of the same, without having attempted to collect their demand from the corporation, or the assignee and then holder of the stock. The court held that the action would not lie for the reasons: (1) No demand had been made of the defendant's assignee; (2) the remedy against the principal debtor, the corporation, had not been exhausted by judgment, and execution returned *nulla bona;* and (3) the plaintiff's remedy was in equity, when the rights of the corporation, the stockholders and the creditors, might be adjusted in one suit. But I do not think that case comprehends this. It certainly does not, in all its circumstances, and I think it does not in principle. The case was undoubtedly well decided upon the latter two points; but in this case the plaintiff has exhausted his remedy against the corporation, and the additional circumstance upon which the plaintiff relies—the assessment of the sum demanded of the garnishee by the corporation upon his stock— did not exist in that case, and the point here made on it was not considered by the court.

By the constitution of this state, article 11, § 3, it is declared that "the stockholders of all corporations  *  *  *  shall be liable for the indebtedness of said corporation to the amount of their stock subscribed and unpaid, and no more." Corporations may be formed under general laws (Id. § 2) to engage in any lawful enterprise, business, pursuit, or occupation. Or. Laws, 524.

The liability of the individual stockholder for the indebtedness of the corporation being prescribed and limited by the constitution, the legislature may regulate the mode of enforcing it, and, in the absence of such legislation, resort must be had to the general and well-established modes of procedure applicable thereto. According to the weight of authority and the argument of convenience, there is no doubt that, after judgment and execution against the corporation, resort may be had to a suit in equity to ascertain the general indebtedness of the corporation, and to compel a ratable contribution from the individual stockholders for the purpose of paying the same. Thompson, Liability of Stockholders, §§ 265, 317; *Pollard* v. *Bailey*, 20 Wall. 524.

And it may also be admitted that unless it is otherwise provided by statute, that this is the only remedy against a stockholder for the debts of the corporation. Thompson, Liability of Stockholders, § 258. But the proceeding by garnishment in aid of an execution at law, furnishes an additional remedy in certain cases. And, in this connection, it ought not to be overlooked that such garnishment, so far as it goes, is given by the statute as a substitute for a creditor's bill. True, only the legal assets of a debtor may be reached by it, but as to these it may be regarded as a cheap and speedy substitute for the remedy by a creditor's bill, of which each judgment creditor may avail himself for himself, according to his diligence and opportunity.

Section 147, subd. 3, of the Oregon Code provides that property of the debtor in the possession of a third person, or a debt due him, may be attached "by leaving a certified copy of the writ, and a notice specifying the property attached, with the person having possession of the same, or if it be a *debt*, then with the debtor; * * *" and by section 281 this section is made applicable to an execution.

It seems, then, that the determination of the case hinges upon the question whether this sum of $168.50 was, at the time of the service of the execution upon the garnishee, a "debt" due from him to the defendant. If it was, it is a legal asset of the defendant, and may be reached by the plaintiff in this proceeding. It does not appear that the garnishee is an original subscriber to the capital stock of the defendant, nor what was the nature and terms of such subscription as to the time of payment. It may be said that the garnishee took his shares of the stock subject to the conditions as to payment contained in the subscription made by the person to whom said shares originally issued, and that, therefore, the court cannot say there is any sum due from him to the defendant thereon, until it appears by the terms of the subscription that the person to whom they were issued, or his assigns, thereby agreed to pay all calls or assessments upon said shares when and as they might be made by the directors of the corporation.

It is said in Ang. & A. Corp. § 517, that a subscription for shares in the stock of a corporation is a contract for a consideration, on which the corporation may maintain an action against the subscriber for the amount of such shares. But it must be implied in this statement that there is an express provision in the subscription to the effect that the subscriber will pay as required by the corporation, or that a subscription to the capital stock of a corporation, not containing any special terms as to payment, is equivalent to a promise to pay on demand.

The corporation law of this state contains no express provision declaring the effect, in this respect, of a subscription to the capital stock of a corporation; and doubtless the parties forming a corporation may insert any conditions they please on the subject in the articles of incorporation.

By subdivision 6 of section 5 of the corporation act (Or. Laws, 525) a corporation is authorized to make by-laws for the forced sale of its stock for unpaid assessments; and by section 14 of the same (Id. 527) it is provided that a sale of stock transfers to the purchaser all "the rights of the original holder or person from whom the same is purchased," and subjects "such purchaser to the payment of any unpaid balance due or to become due on such stock;" and if the sale is voluntary, "the seller is still liable to existing creditors for the amount of such balance, unless the same is duly paid by such purchaser." By a necessary implication, this section (14) asserts the personal liability of the subscriber for or holder of stock to pay the amount thereof according to the terms of the subscription; and if the subscription is silent on that point, then upon demand,—that is, at such times and in such amounts as the corporation may from time to time direct or require.

There being, then, a fixed and specific sum due from the garnishee to the defendant at the time of the service of the execution on the latter, the same was a debt or legal asset of the defendants, and liable to be levied on or attached by the plaintiff in satisfaction of his judgment against the defendant. It is a debt absolute and not contingent, as is the remaining portion of the subscription not yet called in or ordered paid. It is therefore as much a legal asset of the corporation, and as liable to be taken or attached on an execution against it, as a debt due it from the garnishee for money loaned or goods sold and delivered.

The only cases in which the exact question involved in this one appears to have been considered are *Cucullu* v. *Union Ins. Co.* 2 Rob. (La.) 571, and *Brown* v. *Same*, 3 La. Ann. 177, 183, cited in Thompson, Liability of Stockholders, § 276. Between the two cases it was held that for any portion of an unpaid subscription for which the directors had made a formal call, a judgment creditor of the corporation might proceed against the delinquent stockholder by garnishment.