Argued March 17, decided March 31, 1914.

## GARETSON LUMBER CO. *v.* HINSON.*

(140 Pac. 633.)

**Corporations—Liability of Stockholder—What Law Governs.**

1. In the absence of statute in the state in which a person resides, imposing upon him a particular liability as a stockholder in a foreign corporation, the statute of the state incorporating it or the articles which it adopts afford the rule regulating his liability to its creditors.

[As to enforcement in other states of the liability of stockholders, see note in 37 Am. St. Rep. 168.]

**Corporations—Presumptions—Laws of Other State.**

2. Where the complaint, in an action by a foreign corporation to enforce the liability of a stockholder in this state, did not set forth the provisions of the foreign statute under which plaintiff was organized or state any charter provision respecting the liability of its stock-

*As to the conditions precedent to the right to sue to enforce statutory liability of stockholder, see note in 33 L. R. A. (N. S.) 906. And on the question of bankruptcy, insolvency or dissolution of corporation as excusing creditor from exhausting remedies against it, as condition of enforcing stockholder's liability to stock, see note in 24 L. R. A. (N. S.) 628.                                              REPORTER.

holders, it would be assumed that the charter was silent on that subject, and that the foreign law governing the case was the same as the common law or the statute declaratory thereof prevailing in this state.

[As to evidence of foreign laws and of their effect, see note in 113 Am. St. Rep. 868.]

**Corporations—Indebtedness—Liability of Stockholder—Trust Fund.**

3. The trust fund doctrine, as applicable to the assets of a corporation which is a going concern, does not obtain in this state.

**Corporations—Insolvency—Liability of Stockholder—Trust Fund.**

4. When a corporation either suspends its business or becomes insolvent and its assets are in possession of a court of equity for final settlement and distribution, its capital stock constitutes a trust fund upon which general creditors have a lien for the payment of their demands, but mere insolvency does not of itself convert corporate property into a trust fund.

**Corporations—Stockholder's Liability to Creditor—Conditions Precedent.**

5. It is not essential that a creditor should secure a judgment against an insolvent corporation and have an execution issued and returned *nulla bona,* as a condition precedent to a suit in equity for relief against a stockholder, since the performance of vain things is unnecessary.

[As to liability of a stockholder to the creditors of the corporation, see note in 3 Am. St. Rep. 806.]

**Corporations—Stockholder's Liability to Creditor—Form of Action.**

6. The proper remedy of a creditor of an insolvent corporation to reach a fund alleged to have been paid to a stockholder as a dividend in liquidation is by a suit in equity, and not by an action at law.

[As to actions against stockholders for debts of the corporation, see note in 43 Am. Dec. 694.]

**Corporations—Enforcement of Stockholder's Liability to Creditor—Party Plaintiff.**

7. A corporation which has disposed of its property and ceased to transact any business, thereby necessitating the employment of another corporation in clerical work necessary to the management of its affairs and resulting in an approved claim for such service, without some restoration of its corporate life cannot institute or maintain a suit for the recovery of a dividend paid out to a stockholder in liquidation, but the suit should be instituted by such creditor corporation.

From Multnomah: Robert G. Morrow, Judge.

Department 1: Statement by Mr. Justice Moore.

This is an action to recover money. The material averments of the complaint are to the effect that on March 9, 1903, the plaintiff, the Garetson-Hilton Lumber Company, became, ever since has been, and now

is, a corporation organized and existing under the laws of the state of Missouri, having at its creation a fully paid-up capital of $30,000, divided into 300 shares of the par value of $100 each; that on April 20, 1904, its stock was increased to $50,000, fully paid-up capital, and divided into 500 shares, of which the defendant, W. B. Hinson, then held and now is the owner of 55 shares; that on May 18, 1910, by authority of the plaintiff's board of directors, all the real and personal property of the corporation, other than bills receivable, were sold and the proceeds arising therefrom were, pursuant to a dividend duly declared, distributed ratably to all its stockholders including the defendant; that thereafter all sums of money due the corporation that could be collected were accumulated, and other dividends thereof were declared whereby the defendant received his proportional part; that by oversight and neglect of the board of directors no provision was made for the payment of any debt that might be incurred subsequent to such distribution of the corporate assets; that thereafter a claim for $2,000 against the plaintiff was presented to it by the Garetson-Grason Lumber Co., another Missouri corporation, for clerical services rendered by its agents in accounting for and managing the affairs of the plaintiff; that the officers and directors of the latter corporation recognized the validity of such claim, but, having no assets with which to liquidate the demand, it was resolved January 25, 1912, by the stockholders by a vote of more than two thirds of all of the stock of the plaintiff that its board of directors be authorized to call upon the stockholders to refund $4 per share of their stock; that the sum so due from the defendant is $220, but upon a demand therefor he refused to pay any part thereof.

A demurrer to the complaint on the grounds, *inter alia,* that it did not state facts sufficient to constitute

a cause of action and that the plaintiff did not have legal capacity to sue, was sustained.   The plaintiff declining further to plead, the action was dismissed, and it appeals.                                AFFIRMED.

For appellant there was a brief over the name of *Messrs. Christopherson & Matthews,* with an oral argument by *Mr. Q. L. Matthews.*

For respondent there was a brief over the name of *Messrs. Tucker & Bowe,* with an oral argument by *Mr. Robert Tucker.*

MR. JUSTICE MOORE delivered the opinion of the court.

1, 2. Is an action at law the proper remedy herein, and is the Garetson-Hilton Lumber Company the proper party plaintiff, are the questions to be considered.   As a preliminary matter, it may be stated that in the absence of an enactment by the state in which a person resides, imposing upon him a particular liability as a stockholder in a foreign corporation, the statute of another state giving life to such artificial being, or the articles which it adopts, affords the rule regulating the liability to its creditors when suits are brought to establish a legal responsibility against a resident stockholder: *Smith* v. *Huckabee,* 53 Ala. 191; *Shaw* v. *Boylan,* 16 Ind. 384; *Coffin* v. *Rich,* 45 Me. 507 (71 Am. Dec. 559); *Seymour* v. *Sturgess,* 26 N. Y. 134; *Merrick* v. *Van Santvoord,* 34 N. Y. 208; *Ex parte Van Riper,* 20 Wend. (N. Y.) 614.   The complaint herein does not set forth the provisions of the statute of Missouri under which enactment the plaintiff was organized, nor does the initiatory pleading state any of the clauses of the charter adopted by the corporation respecting the liability of its stockholders, and in default thereof it will be assumed that the articles of incorporation are silent upon this sub-

ject, and also presumed that the law of Missouri governing the case is the same as the principles of the common law prevailing in or the statute in recognition thereof enacted by Oregon: *Goodwin* v. *Morris,* 9 Or. 322; *Cressey* v. *Tatum,* 9 Or. 541; *Scott* v. *Ford,* 52 Or. 288 (97 Pac. 99); *Young* v. *Young,* 53 Or. 365 (100 Pac. 656); *De Vall* v. *De Vall,* 57 Or. 128 (109 Pac. 755, 110 Pac. 705); *Long* v. *Dufer,* 58 Or. 162 (113 Pac. 59). No reference will therefore be made to the laws of the state under which the plaintiff was organized, except so far as the allusions to the statute of Missouri are made in decisions of the courts of that state upon the questions herein involved.

3, 4. Whatever opinions may have been originally announced by the federal and state courts of this country, respecting the trust doctrine as applied to a corporation, the legal principle is now established that, until a corporation has either suspended its business or has become insolvent and its assets have been placed in the possession of a court of equity for administration and are in the course of final settlement and distribution, the capital stock of a corporation does not constitute a trust fund upon which general creditors have a lien for the payment of their demands: Thompson, Corporations (2 ed.), § 3421.

The existence of the trust doctrine as applicable to the assets of a corporation which is a "going concern" has been denied by this court: *Sabin* v. *Columbia Fuel Co.,* 25 Or. 15 (34 Pac. 692, 35 Pac. 854, 42 Am. St. Rep. 756). The rule has been settled by our adjudications that mere insolvency does not of itself convert corporate property into a trust fund; but, when a corporation ceases to transact business and is insolvent, its assets then constitute a trust fund for the payment of the corporate debts without the intervention of a court of equity to administer upon the

property for the purpose of a final settlement: *Macbeth* v. *Banfield,* 45 Or. 553 (78 Pac. 693, 100 Am. St. Rep. 670); *Williams* v. *Commercial Nat. Bank,* 49 Or. 492 (90 Pac. 1012, 91 Pac. 443, 11 L. R. A. (N. S.) 857). In order to subject such assets to the payment of a creditor's demand, a resort to a court of equity is essential: *Ladd & Bush* v. *Cartwright,* 7 Or. 329; *Hodges & Wilson* v. *Silver Hill Min. Co.,* 9 Or. 200; *Aldrich* v. *Anchor Coal Co.,* 24 Or. 32 (32 Pac. 756, 41 Am. St. Rep. 831); *Hawkins* v. *Donnerberg,* 40 Or. 97 (66 Pac. 691, 908); *Macbeth* v. *Banfield,* 45 Or. 553 (78 Pac. 693, 106 Am. St. Rep. 670).

5. The performance of vain things is unnecessary, and hence it is not essential that a creditor should secure a judgment against an insolvent corporation establishing his demand, and have an execution issued and returned *nulla bona* as a condition precedent to invoking equitable intervention to obtain relief against a stockholder: *Shipman* v. *Portland Const. Co.,* 64 Or 1 (28 Pac. 989).

6. From the principle thus established in this state the proper remedy of a creditor of an insolvent corporation to reach the fund alleged to have been paid to a stockholder as a dividend in liquidation is by a suit in equity and not by an action at law as commenced in the case at bar.

7. The remaining question is whether or not the Garetson-Hilton Lumber Company is the proper party plaintiff. "Where dividends," says an author, "were paid to a stockholder at a time when the bank was insolvent, and in disobedience of the banking statute, it was held that the liability to repay was to the corporation and was enforceable by it": 5 Thompson, Corporations (2 ed.), § 5360. In support of the language thus quoted, the case of *Gager* v. *Paul,* 111 Wis. 638 (87 N. W. 875) is cited. The text-writer mentioned

further observes: "It has been held that either the corporation or its assignee might recover a dividend paid by mistake": Thompson, Corporations (2 ed.), § 5363.   As upholding the latter excerpt, the case of *Skrainka* v. *Allen,* 7 Mo. App. 434, is relied upon *inter alia.*   The decision in *Gager* v. *Paul,* 111 Wis. 638 (87 N. W. 875), was evidently predicated upon a statute, construing which the court says:

"Section 1765, which prohibits payment of dividends by insolvent corporations generally, seems to recognize that," such "liability is to the corporation, by providing that such liability is to restore the full amount, except in certain cases.   Restoration can only be made to the source from which the dividends came."

In *Skrainka* v. *Allen,* 7 Mo. App. 434, 441, the conclusion reached was based upon a clause of the statute of Missouri which is set forth in the opinion.   In that case, the plaintiff, having obtained a judgment against a corporation, caused an execution to be issued and returned *nulla bona* and thereupon moved for leave to issue execution against a stockholder.   It would seem that under the statute of Missouri a judgment creditor of a corporation, upon a motion therefor, might obtain the issuance of an execution against a stockholder for an unpaid subscription of stock: *Erskine* v. *Loewenstein,* 82 Mo. 301, 305.   In referring in that case to such procedure the court remarks:

"This motion takes the place, under the statutory provision, of the suit in equity, at common law, to reach the assets in the hands of the stockholder."

The rule announced in Missouri and in Wisconsin in construing statutes of the respective states is not controlling in Oregon, where no enactment regulating the procedure exists.

It may be conceded that, when a corporation is a "going concern," it is a proper party plaintiff to sue

for or to prevent a misappropriation of its property; but, if it fails or refuses to perform that duty, the person interested in recovering or protecting the corporate assets may institute and maintain the suit: *North v. Union S. & L. Assn.*, 59 Or. 483 (117 Pac. 822). When, however, a corporation has disposed of all its property and ceased to transact any business, thereby necessitating the employment of another corporation to perform the essential clerical work required in the management of its affairs, it is believed that, upon principle, it is in such a comatose state, preceding final dissolution, that without some act of revivification whereby its animation is restored, it has not sufficient vitality to institute or maintain a suit for the recovery of any part of a dividend paid out in liquidation.

Such being the case, the plaintiff is not a proper party plaintiff, and the suit should have been instituted by the Garetson-Grason Lumber Company, the corporation which it is alleged rendered such service. The judgment is affirmed, except that the action should be dismissed without prejudice, and it is so ordered.

AFFIRMED: DISMISSED, WITHOUT PREJUDICE.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.