Submitted on brief October 25, reversed October 27, 1916.

## MORGAN v. RUBLE.

(160 Pac. 543.)

**Corporations — Liability of Stockholders — Unpaid Subscriptions — Defenses—Fraud.**

1. In a suit by a judgment creditor after execution returned *nulla bona*, to enforce the liability of the stockholders in an insolvent corporation upon their unpaid subscriptions to its capital stock, where the creditor did not know of alleged fraudulent representations to defendants to induce them to become stockholders, such fraudulent representations were no defense to the suit.

From Marion: WILLIAM GALLOWAY, Judge.

In Banc. Statement by MR. JUSTICE BENSON.

This is a suit by W. H. Morgan, a creditor, against John Ruble, Al. Walling, J. H. Brigham, S. B. Savage, John Walling, Tracy Walling, Harry F. Savage, C. J. Crandle, J. M. Spong, J. F. McKinley, W. F. Franklin and William Wilkins, to enforce the individual liability of stockholders in an insolvent corporation upon their

unpaid subscriptions to capital stock. The Lincoln Stove Company, having been duly incorporated with the defendants as stockholders, executed and delivered its promissory note to plaintiff, which was not paid at maturity, and plaintiff, in a proper proceeding, obtained a judgment against the corporation thereon in the sum of $213.25, with interest at 6 per cent, $65 as attorney fees, and costs at $14.70. An execution having been issued and returned *nulla bona,* this suit was begun.

A second cause of suit is based upon an assigned claim of $613.33, upon an account stated in favor of the H. S. Gile Grocery Company. The insolvency of the corporation is admitted. The execution and delivery of the promissory note, the judgment thereon, and the unsatisfied execution are admitted. The assignment of the claim of the H. S. Gile Grocery Company is admitted.

After some unimportant denials the defendants plead affirmatively that the organizers of the corporation made false and fraudulent representations to them, whereby they were induced to subscribe for the corporate stock. A trial being had, there was a decree dismissing plaintiff's suit, from which he appeals.

Reversed.

For appellant there was a brief submitted over the name of *Mr. Willam H. Trindle.*

For respondents there was a brief submitted over the name of *Messrs. Smith & Shields.*

Mr. Justice Benson delivered the opinion of the court.

1. There is but one question involved in this case, and that is as to whether or not the fact that the pro-

moters of a corporation made false and fraudulent representations to the defendants to induce them to become stockholders can be relied upon to defeat the claim of a creditor. It is true that the answer alleges that plaintiff knew of these facts and fraudulent representations, but we find no evidence in the record to support the allegation. It is perfectly clear from the evidence that if there was anything wrong in the procuring of defendants' stock subscriptions, the plaintiff was ignorant of the fact and had nothing to do with it.

In *Stewart* v. *Rutherford,* 74 Ga. 435, 440, the court says:

"Of course if innocent parties have been affected by the corporation during its operation, the court will protect them, and the complainant alleges that creditors thereof should be paid, if there be such. As he united with the defendants in creating this wildcat sort of adventure, all the way from West Virginia to Georgia, although deluded and decoyed into it, the equity of people who had no part or lot in making it and bringing it to Georgia is superior to his own."

The case of *Howard* v. *Glenn,* 85 Ga. 238, 261 (11 S. E. 610, 612, 21 Am. St. Rep. 156) is a case precisely like the one at bar, and in discussing a similar defense the court says:

"Whether Howard became a stockholder in this company by subscription which was induced by fraud practiced upon him, or not, if he did become a stockholder in said company, he is liable to the creditors of the company for so much of his unpaid stock as might be necessary to pay the company's debts, taken in connection with the other corporators of the company. And whether fraud was practiced upon him or not, would make no difference as to the creditors; it would be a question between him and the corporation, with which the creditors had nothing to do."

This is in line with the weight of authority, and is strictly equitable.

It follows that the decree must be reversed and one entered here in accordance with the prayer of the complaint, and it is so ordered.

REVERSED. DECREE RENDERED.