Argued at Pendleton May 7, reversed October 23, 1928.

O. S. CROCKER, TRUSTEE, *v.* L. V. GENTRY ET AL.

(271 Pac. 38.)

For appellant there was a brief over the name of *Mr. R. I. Keator,* with an oral argument by *Mr. Edward J. Clark.*

For respondent there was a brief over the name of *Messrs. Raley, Raley & Warner,* with an oral argument by *Mr. J. R. Raley.*

ROSSMAN, J.—This court has upon many occasions dealt with the problem whether a creditor, receiver or trustee of a corporation who undertakes to enforce a stockholder's liability upon the latter's

unpaid subscription to the capital stock may resort to a court of equity or is possessed of an adequate and appropriate remedy at law. The considerations historically which influenced courts of equity to assume jurisdiction in situations analogous to that before us are dealt with exhaustively by Professor Langdell in 4 Harvard Law Review, 99; the article is entitled "Creditor's Bills"; see, also, Creditor's Bills, 5 Harvard Law Review, 101. It was the fact that courts of law could not supply a remedy as efficient as that devised by equity that persuaded the latter to take jurisdiction when a suitor presented himself. The same thought has been enunciated by this court upon many occasions. Thus in the early case of *Ladd & Bush* v. *Cartwright*, 7 Or. 329, we find:

"The next question presented for our consideration is whether the individual liability of a stockholder to existing creditors of the corporation may be enforced by an action at law, or whether a suit in equity must be resorted to. It is insisted by counsel for appellants that the remedy is at law, * * But upon the other hand, we find that there are many cases in which it has been held that the remedy is in equity where the rights of the corporation, the stockholders and creditors can all be adjusted in one suit upon the principles of equality and justice. And as the views presented in those cases recommend themselves to our consideration as the most reasonable and appropriate we have concluded to adopt them."

This case was followed shortly by *Hodges & Wilson* v. *Silver Hill Min. Co.*, 9 Or. 200, which was a suit in equity against the stockholders of insolvent corporations to recover upon their unpaid subscriptions to its capital stock. Mr. Chief Justice LORD, in an-

nouncing the decision of the court, used the following language which has a bearing upon the matter now submitted to us:

"To the extent of the stock subscribed and unpaid, each stockholder is liable for the indebtedness of the corporation. It is a several, distinct and limited liability, as to which each stockholder stands alone, irrespective of the amount for which others are liable, except that if he pays more than his proportion of such debts, he may, as in other cases, have contribution from his coshareholders. In the absence of any legislation providing for the enforcement of this liability, the implication of law is that the common law would supply a remedy.

"Our predecessors, however, conceived that the remedy in equity, where the rights of the corporation, the stockholders and creditors, could all be adjusted in one suit, upon principles of equality and justice, would be more appropriate, adopted the remedy in equity for the enforcement of such liabilities."

Shortly thereafter the case of *Brundage* v. *Monumental etc. Co.*, 12 Or. 322 (7 Pac. 314), was before the court. It again presented the question whether the liability of a subscriber to the capital stock of a corporation was enforceable by a suit in equity. Mr. Justice LORD announced the decision of the court and in dealing with this problem stated:

"The constitution provides that 'the stockholders of all corporations and joint stock companies shall be liable for the indebtedness of said corporation to the amount of their stock subscribed and unpaid, and no more.' (Section 3, Art. XI, Const.) By this section the liability of stockholders of a corporation is limited to the amount of their stock subscribed and unpaid; and the remedy to enforce this liability, it has been held, is in equity, where the rights of the corporation, the stockholders, and all the creditors can be adjusted in one suit. (*Ladd* v. *Cartwright*,

7 Or. 329; *Hodges* v. *Silver Hill Min. Co.*, 9 Or. 200.) The liability of the stockholders for the indebtedness of the corporation constitutes, in part, at least, the basis of its credit, and so far as creditors are concerned, is part of its assets. The unpaid subscriptions to the capital stock, due from the stockholders to the corporation, are regarded in equity as a trust fund, to be held by the corporation for the benefit of its creditors.''

Similar statements of the aforementioned general rule may be found in many more of our prior adjudications. Some of these previous cases dealing with this problem are: *Sabin* v. *Anderson*, 31 Or. 487 (40 Pac. 870); *Hawkins* v. *Donnerberg*, 40 Or. 97 (66 Pac. 691, 908); *Falco* v. *Kaupisch Creamery Co.*, 42 Or. 422 (70 Pac. 286); *Macbeth* v. *Banfield*, 45 Or. 553 (78 Pac. 693); *Williams* v. *Commercial Nat. Bank*, 49 Or. 492 (90 Pac. 1012, 91 Pac. 443); *McAllister* v. *American Hospital Assn.*, 62 Or. 530 (125 Pac. 286); *Shipman* v. *Portland Const. Co.*, 64 Or. 1 (128 Pac. 989); *Garetson Lumber Co.* v. *Hinson*, 69 Or. 605 (140 Pac. 633); *Sargent* v. *American Bank & Trust Co.*, 80 Or. 16 (154 Pac. 759, 156 Pac. 431); *Morgan* v. *Ruble*, 81 Or. 641 (160 Pac. 543); *Sargent* v. *Waterbury*, 83 Or. 159 (161 Pac. 443, 163 Pac. 416); *Farrell* v. *Davis*, 85 Or. 213 (161 Pac. 94, 703); *Rasor* v. *West Coast Development Co.*, 98 Or. 581 (192 Pac. 631); *Brockway* v. *Ready Built House Co.*, 95 Or. 386 (187 Pac. 1038); *Atwell* v. *Schmitt*, 111 Or. 96 (225 Pac. 325); *Smith* v. *Schmitt*, 112 Or. 687 (231 Pac. 176); *Security Savings & Trust Co.* v. *Portland Flour Mills Co.*, 124 Or. 276 (261 Pac. 432). The defendants, however, point out that in all of these cases judgment for the par value of the stock was not the sole remedy sought by the plaintiff. It is true that in each of these cases the plaintiff's

effort to secure a judgment for all or a part of the stockholders' subscription was attended with circumstances which required the aid of some equitable remedy as, for instance, an equitable garnishment, an accounting, or the setting aside of some fraudulent transaction which made it appear that the stock was fully paid for. In our present suit the plaintiff is endeavoring to assert a cause of action originally arising out of a contract, but preserved for the benefit of creditors of the corporation after insolvency by virtue of Article XI, Section 3, Or. Constitution, and Section 6872, Or. L. In doing so he occupies the position of a judgment creditor holding an execution duly returned unsatisfied, for Section 47a, Bankruptcy Act (U. S. C. A., § 75a,) provides:

" * * and such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of ·a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied· * * ."

A judgment creditor, holding an execution returned unsatisfied, may maintain a suit in equity against delinquent debtors to enforce payment of the balance unpaid upon stock; this principle is directly enunciated by many of the foregoing citations, and is not disputed by the defendants. See, also, Thompson on Corporations (3 ed.), § 5090, citing in support of the general rule cases from this jurisdiction. Thus the plaintiff's suit falls within the principle of the foregoing citations. The defendants call to our attention the decision of the federal Supreme Court in *Kelley* v.

*Gill,* 245 U. S. 116 (62 L. Ed. 185, 38 Sup. Ct. Rep. 38), and contend that it is authority for the proposition that the section of the Bankruptcy Act just quoted does not authorize the plaintiff to maintain this suit in equity. In that case the trustee in bankruptcy of a corporation brought suit in the federal court against the delinquent stockholders, 3,000 in number, for the entire par value of their stock purchases. The court of bankruptcy had previously found that the full sum was needed to liquidate the debts of the estate. The court commented upon the confusion of issues that would be likely to arise from the many issues presented by such a large number of defendants among whom there was no common interest; it found that there was present not one of the elements which confers jurisdiction to avoid multiplicity of actions at law, and then disposed of the application of the sections of the Bankruptcy Act previously quoted in these words, "the amendment of 1910 to § 47 of the Bankruptcy Act did not confer new means of collecting ordinary claims due the bankrupt." It held the federal courts were without jurisdiction. Even if we should accept the above interpretation of the act as our own, it would not follow that the plaintiff cannot maintain this suit. The holding is that the clause referred to does "not confer new means of collecting ordinary claims due the bankrupt," but it still remains a fact that the trustee becomes "vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied," and under the practice, existing in this jurisdiction, that condition of his status entitles him to maintain this suit. See *Schroeter* v. *Abbott,* 185 Cal. 146 (196 Pac. 39), wherein the Supreme Court of California held that the

trustee of the bankrupt corporation, which constituted the subject matter of litigation in *Kelley* v. *Gill,* could maintain his suit upon the equity side of the court. *Kelley* v. *Gill* is discussed by the California court and its holding is harmonized upon the same principles we have mentioned above. See, also, *Dean* v. *Shingle,* 198 Cal. 652 (246 Pac. 1049, 46 A. L. R. 1156). Equity jurisdiction in this state covers a wider field than that of the federal courts: Compare § 389, Or. L., and Title 28, § 384, U. S. C. A. We conclude that the plaintiff was entitled to maintain this suit. All matters argued in the very able briefs of counsel on both sides have received our careful attention.

The decree of the Circuit Court will be reversed. Costs to neither parties. REVERSED.

RAND, C. J., and COSHOW and BEAN, JJ., concur.