## STRAKER v STOLTZ et

Ohio Appeals, 2nd Dist, Darke Co

No 451.   Decided Jan 30, 1935

2

Billingsley & Manix, Greenville, for the executor.

E. H. Allen, Piqua, for Woman's Missionary Society of the First Presbyterian Church of Greenville, Ohio.

W. D. Spidel, Greenville, for J. C. Spidel.

## OPINION

By HORNBECK, PJ.

The appeal is prosecuted to this court by J. C. Spidel, an heir at law and the beneficiary under the will. It is the claim of Mr. Spidel that Item 4 is not effective to create a charitable trust because of:

(1) Incapacity of voluntary association to act as trustee of a charitable trust.

(2) Uncertainty of purpose.

(3) Uncertainty as to beneficiary.

(4) Uncertainty as to manner of execution.

We have examined the questions presented. Inasmuch as we are in no doubt whatever respecting the validity and effectiveness of Item 4 of the will, we shall not, at length, discuss the legal questions involved. Suffice to say that the purpose, namely the erection of a chapel upon the Ashville Farm Land School at Farm School, North Carolina, comes by its designation within the purview of both educational and religious purposes, which long have been recognized as clearly within the field of charitable purposes. The amount which will be available to the trustees to erect such chapel, though not definite in dollars is in proportion to the whole estate, in that it is all of the residue of the sale price of the land described in the will after certain fixed charges are taken therefrom.

The writer of this opinion in 1918 had occasion to pass upon a will involving a charitable bequest and at that time made an exhaustive study of the field of charitable bequests and devises. The case is **Rea, Executor v Griffin et, 21 N.P. (N.S.) 129,** affirmed in **98 Oh St, 315.** The will there under consideration provided that after certain land which the executor was authorized to sell had been converted into money, the balance and residue thereof be held by O. P. Converse of London in trust for the following purposes, to-wit:

"To collect any uncollected notes that he can reasonably collect, and then to use all the remainder of such notes and the balance of money belonging to my estate including any that may be so realized from any of the said notes and securities for any such charitable purposes that he may deem proper and designate in such amounts as he may designate and think best, for permanent or temporary charities, and no bond shall be required of him in so doing."

O. P. Converse died before undertaking the administration of the trust. It was there held that the item would establish a valid charitable trust if the trustee were living, though it could not be effectuated because the discretion vested in, the named trustee was so personal in its nature and so comprehensive in its character as to make him indispensable to the validity of the trust. It will be observed that the purpose of this trust is so much wider and

extended than the one in the instant case that if the former could have been effectuated, then there can be no doubt about the validity of the trust under consideration.

A full consideration of all the Ohio cases cited by counsel in the instant case will be found in Rea, Executor v Griffin, supra, to which reference is made.

It is urged that the Woman's Missionary Society of the First Presbyterian Church of Greenville, Ohio being an unincorporated society is incapable of acting as a trustee under the item. In Hadden, Executor, etc. v M. E. Society of Ireland (N. J.) 32 L.R.A. 625, it is held that bequests made without limitation as to their use directly to an unincorporated but regularly organized and well established charitable association were valid. In the note to this case many cases are cited supporting the proposition that an unincorporated society may act as trustee as relates to personal property in effectuating a charitable trust. It is said in 7 **Ohio Jurisprudence at page 132:**

"Although a conveyance to an unincorporated association is void at law, courts of equity have been solicitous to preserve a charity, and many of them have gone to lengths in doing so, regarding the inability of an unincorporated association to take at common law to be of little moment."

And at page 160:
"It seems to be well settled law that a charitable devise or bequest will be upheld and enforced, though it is made to a voluntary unincorporated association."

And at page 161:
"It matters not whether a competent trustee, or any at all, is named to administer a trust. It is within the general equity power of a court to appoint one where that is all that is necessary to make the trust operative. This rule is so elastic that it permits a trustee named to acquire capacity by subsequent incorporation." **McIntire Poor School v Zanesville Canal & Mfg. Co., 9 O. 203; Landis v Wooden, 1 Oh St, 160; Williams v First Presbyterian Soc., 1 Oh St, 478; Sowers v Cyrenius, 39 Oh St, 29.**

An established trust will not fail for want of a trustee.

The purpose in Item 4 of the will under consideration being clearly charitable in nature, the object to be attained, namely, the building of a chapel at a designated place so definite, the source and extent of

the funds with which it is to be erected so clearly set forth and the organization which is to determine the kind of a building and its cost being a well recognized organization there appears no reason whatever why the purpose of the testator should not be, in accord with the usages of equity, accomplished. The same decree in this court as in the Common Pleas Court.

KUNKLE and BARNES, JJ, concur.