## J. PHILLIPS ET UX. v. LIBRARY CO.

### APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued March 24, 1891—Decided April 13, 1891.
[To be reported.]

1. A corporation of another state, having no office or place of business in Pennsylvania, and not doing business therein, cannot be subjected without its consent to the jurisdiction of a court of this state, by the service upon its president, temporarily within the state for his own purposes, of a summons issued upon a cause of action arising elsewhere.
2. In such a case, the defendant having pleaded in abatement to the jurisdiction of the court, on the ground that it was a foreign corporation and had no corporate existence in this state, and the plaintiff having demurred to the plea, judgment on the demurrer was properly given for the defendant, notwithstanding the action was of a transitory nature.
3. Section 3, act of March 21, 1849, P. L. 216, and Knight v. Railroad Co., 108 Pa. 250; Usher v. Railroad Co., 126 Pa. 210, and like cases, contemplate a foreign corporation doing business within this state: officers of other foreign corporations, entering the state for their own business or pleasure, do not bring with them the corporations which they represent at home.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 146 January Term 1890, Sup. Ct.; court below, No. 97 March Term 1886, C. P. No. 3.

On February 15, 1886, James S. Phillips and Emily S. his wife, in right of said wife, brought case against " The Burlington Library Company, Richard Mott, President, and Samuel

W. Taylor, Secretary thereof." The sheriff made return that the summons was served on the president of the defendant company in Philadelphia. A rule to set aside the service of the writ having been discharged, a rule was taken by the plaintiff to amend the record by substituting, as the name of the defendant, " The Library Company of Burlington ; " rule made absolute.

On March 15, 1886, the plaintiff filed a declaration, setting out, as the cause of action, the negligence of the defendant in leaving unguarded an excavation upon a piece of ground owned by the defendant and having thereon erected buildings used in the carrying on of its proper, legitimate and regular business of a library company, into which excavation, by reason of its unguarded condition, the plaintiff, Emily S. Phillips, fell, without fault of her own, receiving severe personal injuries. The declaration did not state where the premises of the defendant referred to were situated.

On March 22, 1886, the defendant filed the following plea in abatement, the averments of fact therein made being verified by affidavit:

" The defendant in person comes and says that this court ought not to take further cognizance of this action because it is a foreign corporation, chartered by King George II. in the year 1723, and that it exists only in the state of New Jersey, and has no agent or agency or place of business in the county of Philadelphia or state of Pennsylvania, and does no business in said county of Philadelphia or state of Pennsylvania."

On September 27, 1886, the plaintiff demurred to the plea as not sufficient in law, specifying, as reasons for the demurrer, that the plea was not filed within four days after the filing of the declaration, " as required by the practice in this court and the Rules of Court; " that the court had full jurisdiction of the cause, and the residence of the defendant corporation was immaterial ; that the service returned by the sheriff could not be questioned by plea in abatement; and that the plea was in other respects uncertain, informal and insufficient.

After argument and re-argument upon the demurrer, the court, on February 2, 1889, without opinion filed, entered judgment for the defendant, whereupon the plaintiffs took this appeal, specifying that the court erred :

Arguments.

1. In entering judgment on the demurrer for the defendant.

2. In not entering judgment for the plaintiffs.

3. In sustaining the plea in abatement, filed seven days after the filing of the declaration.

*Mr. Sylvester Gavitt, Jr.* (with him *Mr. Oliver E. Shannon*), for the appellants:

1. The plea in abatement was filed too late. A rule of the court below provides that " no dilatory plea shall be received unless the same shall be filed within four days from the service of the copy of the declaration : " Rules of December 21, 1883, § 127 ; 1 Tr. & H. Pr., 442. The declaration was filed and a copy thereof served,* on March 15, 1886, and the plea was not filed until March 22d. However, the service of the writ in this action was a proper one. If the provisions of § 3, act of March 21, 1849, P. L. 216, mean anything, they mean that process against foreign corporations may be served upon the officers therein specified personally ; *or*, if they are not found within the jurisdiction, then at the place of business of the corporation. If this is not the meaning, § 6, act of April 8, 1851, P. L. 354, in regard to service upon corporations having an agency in any county, would be superfluous. The validity of the service in this case was settled affirmatively on the rule to set aside the return. The same question was settled before in Benwood Iron Works v. Hutchinson, 101 Pa. 359 ; Patton v. Insurance Co., 1 Phila. 396 ; Kennard v. Railroad, 1 Phila. 41.

2. The act of 1849 was passed for the benefit of the citizens of this state, and it should be construed liberally : Grubb v. Manufacturing Co., 10 Phila. 316. The cause of action is transitory : Usher v. Railroad Co., 126 Pa. 210 ; Knight v. Raiload Co., 108 Pa. 250. In New York, under a law similar to our own, it has been held that delivering a copy of a summons to the president of a foreign corporation, temporarily within the state for purposes of his own, was a good service, although the company did no business and had no property within the state : Pope v. Terre Haute Car Co., 87 N. Y. 137 ; Hiller v. Railroad Co, 70 N. Y. 223 ; Gibbs v. Insurance Co., 63 N. Y. 114 (20 Am. Rep. 513). Corporations stand upon

---

* The record did not show such service.

the same footing in this respect with natural persons : Bushel v. Insurance Co., 15 S. & R. 173 ; Lehigh Coal & Nav. Co. v. Boom Co., 6 W. N. 222. Neither are entitled to more than reasonable notice to defend themselves.

*Mr. Josiah R. Adams* and *Mr. Samuel B. Huey,* for the appellee, were not heard.

In the brief filed, counsel cited : Angell & Ames on Corp., § 404 ; Morawetz on Priv. Corp., § 522 et seq. ; Newell v. Railroad Co., 19 Mich. 344 ; Camden Rolling Mill v. Iron Co., 32 N. J. L. 15 ; Middlebrook v. Insurance Co., 14 Conn. 301 ; Bank v. Huntingdon, 129 Mass. 444 ; Pennoyer v. Neff, 95 U. S. 714 ; St. Clair v. Cox, 106 U. S. 350 (1 Am. & Eng. Corp. Cas. 19) ; Hussey Co. v. Deering, 20 Fed. R. 795 ; Block v. Atchison, 21 Fed. R. 529 ; Este v. Belford, 22 Fed. R. 275 ; Good Hope Co. v. Barb Fence Co., 22 Fed. R. 635 ; Bank v. Am. Ship Co., 15 W. N. 30 ; Benwood Iron Works v. Hutchinson, 101 Pa. 359.

OPINION, MR. CHIEF JUSTICE PAXSON :

The question here is one of jurisdiction. The defendant company is a foreign corporation, having its existence and place of business only in the state of New Jersey. It does not do business in the state of Pennsylvania, nor has it ever done so. The president of said corporation, being temporarily within this state, for either business or pleasure, it does not matter which, was served with process issued against the company, for a cause of action arising in the state of New Jersey. The defendant pleaded in abatement to the jurisdiction of the court, on the ground that the defendant is a foreign corporation and exists only in the state of New Jersey, etc. To this plea the plaintiffs filed a demurrer, and on argument the court below gave judgment for the defendant.

The act of March 21, 1849, provides that in all actions in any court of record in Pennsylvania against a foreign corporation not holding its charter under the laws of Pennsylvania, " process may be served upon any officer, agent, or engineer of such corporation, either personally, or by copy, or by leaving a certified copy thereof at the office, depot, or usual place of business of said corporation ; and such service shall be good

and valid in law to all intents and purposes." It was contended by the plaintiffs that the service upon the defendant company was good under this act of assembly; and Knight v. Railroad Co., 108 Pa. 250; Usher v. Railroad Co., 126 Pa. 210, and other cases, were cited in support of this proposition.

It may be that, if proper service had been made upon the company, the court would have had jurisdiction under the cases referred to. But the act of 1849, and the authorities cited, contemplate a foreign corporation doing business within this commonwealth. It was said by our late Brother TRUNKEY, in Knight v. Railroad Co., supra: " The defendant in this case, if not incorporated under the laws of Pennsylvania, is doing business therein, else it could not have been made subject to the jurisdiction of the Court of Common Pleas of Philadelphia." We do not understand that the act of 1849, or any of the cases cited, countenance the doctrine that if the president of a New Jersey corporation which transacts no business in this state, crosses the Delaware river to dine with a friend on this side, he thereby carries the corporation with him, and subjects it to the jurisdiction of the courts of this state as to contracts made or torts committed in New Jersey. Under such circumstances he is not here in his representative capacity. He is not the corporation, nor does he bring it here. If the rule were otherwise, he would carry the corporation with him upon a trip around the world, and subject it to the jurisdiction of every country he might visit. We will not designate such a proposition as absurd, but it certainly has not a shadow of reason to sustain it. The law upon this subject is well stated in Camden Rolling Mill Co. v. Iron Co., 32 N. J. L. 15, as follows : " Upon general principles, and in the absence of statutory innovations, it is to be regarded as settled that if a foreign corporation at the time of the commencement of suit does not do business, and has not any office or place of business in this state, such corporation, except by its own consent, cannot be brought within the jurisdiction of this or any other court of this state. Under such circumstances, the officers or agents of such foreign corporation, when they come into this jurisdiction, do not bring with them their official character or functions," and " are not to be esteemed, out of the sovereignty by the laws of which the corporate body exists, the representatives

for the purpose of responding to suits at law of such corporate body."

It is needless to multiply authorities upon so plain a question. The alleged injury of which the plaintiffs complain occurred in Burlington, N. J., the town in which the defendant company is located. There is no good reason why the courts of this state should be vexed with such a suit. Yet the action, being transitory, might have been sustained here, had the corporation been doing business here, and a proper service made upon it. Under the circumstances, the judgment was properly entered for the defendant upon the demurrer.

Judgment affirmed.

