[Argued March 27, 1893; decided April 10, 1893.]

## ALDRICH *v.* ANCHOR COAL CO.

[S. C. 32 Pac. Rep. 756.]

1. JURISDICTION OF STATE COURTS OVER FOREIGN CORPORATIONS.— The rules of the common law regarding service on foreign corporations have been much relaxed until it is now generally held that where a corporation is permitted, either by express enactment or by acquiescence, to do business in a state other than the one in which it was created, it is subject to the jurisdiction of the courts of such other state as to all matters founded upon contracts made, or causes of action arising, in such other state, and service may be made upon it in the same manner as upon a domestic corporation, where the law does not provide otherwise; but where a foreign corporation is not engaged in business in such other state, and has neither an agency nor property therein, service of process upon an agent or officer of the corporation who resides in another jurisdiction, and is only casually within the state, will not confer jurisdiction, unless there is a special statute authorizing such service, it being considered that the official character of such officer or agent does not accompany him beyond the limits of the state in which the corporation was created.

2. JURISDICTION OVER FOREIGN CORPORATIONS — CODE, § 516.— Service of summons within this state on an officer of a foreign corporation who happens to be casually here does not confer on the courts of Oregon jurisdiction over such corporation, since section 576, Hill's Code, provides that no foreign corporation "shall be subject to the jurisdiction of a court of this state, unless it shall appear or have an agency established therein for the transaction of some portion of its business, or have property therein," and making a contract in Oregon to be performed elsewhere, and negotiating in this state a sale of the corporate property is not transacting corporate business within the meaning of the statute.

3. JURISDICTION TO ENFORCE LIABILITY OF STOCKHOLDERS CREATED BY LAWS OF ANOTHER STATE— CONFLICT OF LAWS.— When a statute creates a new right and liability against a stockholder in a corporation, but prescribes a peculiar remedy for its enforcement, the creditor is sometimes unable to enforce his rights in any other state than that where the corporation exists, because no other forum can enforce the peculiar remedy; but when the statute simply creates the liability, leaving the creditor to select any common-law remedy that he may consider appropriate, the rights so given may be enforced by a common-law action in any court having jurisdiction of the subject matter and the parties.

4. IDEM—EQUITY.—The liability of a stockholder in an Oregon corporation
to the creditors thereof can be enforced only in equity ( *Ladd* v. *Cart-
wright*, 7 Or. 329; *Hodge* v. *Silver Hill Mining Co.* 9 Or. 200; and *Brundage*
v. *Monumental Mining Co.* 12 Or. 322, cited and approved ); but the legal
statutory liability of a stockholder in a foreign corporation, which is,
by the law of the state where it is created, a contract enforceable at law
may be enforced in Oregon like any other liability arising on a contract
made in another state.

Multnomah County: E. D. SHATTUCK, Judge.

This action was brought by E. M. Aldrich and W. S·
Dillon, partners, against The Anchor Coal & Development
Company, a California corporation, and B. E. Loomis, one
of its stockholders, in the Circuit Court of Multnomah
County, to recover the sum of two thousand four hundred
and two dollars and seventy-two cents upon a contract for
work and labor performed for the corporation in building
a railway in the state of Washington.   The complaint,
after alleging a cause of action against the defendant cor-
poration, avers, in order to charge the defendant Loomis
individually, that he is a stockholder of such corporation,
and the statute of California, under which it was organ-
ized, provides that "each stockholder of a corporation is
individually and personally liable for such proportion of
its debts and liabilities as the amount of stock or shares
owned by him bears to the whole of the subscribed capital
stock or shares of the corporation, and for a like proportion
only of each debt or claim against the corporation.   Any
creditor of the corporation may institute joint or several
actions against any of its stockholders for the proportion
of his claim, payable by each; and in such action the
court must ascertain the proportion of the claim or debt
for which each defendant is liable, and a several judgment
must be rendered against each in conformity therewith."
The summons for the commencement of the action was
served upon the defendant Loomis personally (he was
temporarily within the state of Oregon), and also upon
him as vice-president and general manager of the defend-

ant corporation. Loomis demurred to the complaint on the ground that the court had no jurisdiction, and that the complaint did not state a cause of action against him; while the defendant corporation appeared specially, and moved to set aside the service upon it on the ground that it was unauthorized and ineffectual for any purpose. Both the demurrer and motion were sustained by the court below, and the complaint and action dismissed, from which plaintiffs appeal.

Reversed as to Loomis, and affirmed as to the corporation.

*Milton W. Smith* (*Walter S. Perry*, counsel), for Appellants.

*Edward B. Watson* (*Jas. F. Watson*, and *Ben B. Beekman*, counsel), for Respondents.

MR. JUSTICE BEAN delivered the opinion of the court.

1. The first question for our consideration is whether the service upon the general manager of the defendant corporation in the state of Oregon gave the court jurisdiction of the corporation. It appears, from the affidavits in support of and against the motion to vacate the service, that the defendant, being a corporation organized and existing under the laws of California, with its principal office in the city of Oakland in that state, transacted no corporate business, had no property within this state, and had no agency for the transaction of any portion of its business therein, but that at the time its general manager was served he was temporarily within the state for the purpose of negotiating a sale of the stock and plant of the defendant company in the state of Washington to residents of Oregon, and that the contract under which the work was done by plaintiffs in Washington was made and entered into within this state. The claim is therefore made that under these facts the service upon Loomis

could not bind the defendant corporation, or give the courts of this state jurisdiction of it. By the common law, process against a corporation must be served upon its head or principal officer within the jurisdiction of the sovereignty by whose laws it exists, and any authority for proceeding against it in any other manner must be conferred by statute of the state where process is served: *Moulin* v. *Insurance Co.* 24 N. J. Law, 222; *McQueen* v. *Middletown Mfg. Co.* 16 Johns. 5. The inconvenience and often manifest injustice of exempting a corporation from being sued in a state other than that in which it was created has caused the rule in modern times to be very much relaxed, and it is now generally held that where a corporation created in one jurisdiction is permitted, either by express enactment or by acquiescence, to do business in another, it is to be deemed a resident, and subject to the jurisdiction of the courts of the latter in all matters founded upon contracts made, or causes of action arising there, and service may be made upon it in the same manner as a domestic corporation, where the law does not provide otherwise: 2 Morawetz, Corporations, 980; *Miller* v. *Eastern Or. Mining Co.* 45 Fed. 345; *St. Clair* v. *Cox*, 106 U. S. 350 (1 Sup. Ct. Rep. 354). But where a foreign corporation is not engaged in business in the state, and has neither an agency nor property therein, there is no way of reaching it with process, and service upon an officer or agent of the corporation residing in another jurisdiction, and only casually in the state, will not, in the absence of a statute authorizing such service, confer jurisdiction, it being deemed that his official character does not accompany him beyond the jurisdiction in which the corporation was created: *Moulin* v. *Insurance Co.* 24 N. J. Law, 234; *McQueen* v. *Middletown Mfg. Co.* 16 Johns. 5; *Peckham* v. *Haverhill Parish*, 16 Pick. 286; *Newell* v. *Great Western Ry. Co.* 19 Mich. 345; *Latimer* v. *Union Pac. Ry. Co.* 43 Mo. 105 (97 Am. Dec. 378); *State* v. *Dist. Court*

*Ramsey Co.* 26 Minn. 234 ( 2 N. W. Rep. 698); *Midland Ry. Co.* v. *McDermid,* 91 Ill. 170; *Phillips* v. *Burlington Library Co.* (Pa.), 21 Atl. Rep. 640; *Clews* v. *Woodstock Iron Co.* 44 Fed. Rep. 31 (141 Pa. St. 462; 23 Am. St. Rep. 304).

2.   This state permits foreign corporations to transact business within her limits, and, either by express enactment,— as in case of certain corporations,— or by her acquiescence, they are as free to engage in legitimate business as corporations of her own creation.   There is no statute expressly providing for service of process upon them, except in the case of certain named corporations not material to be noted in this connection; but it is expressly provided by section 516, Hill's Code, that "no corporation is subject to the jurisdiction of a court of this state unless it appear in the court, or have been created by or under the laws of this state, or have an agency established therein for the transaction of some portion of its business, or have property therein; and in the last case only to the extent of such property at the time the jurisdiction attached."   From the provisions of this section it seems clear that when service is made within the state upon the agent of a foreign corporation it is essential, in order to give the court jurisdiction to render a personal judgment, that it should appear somewhere in the record that the corporation has an agent in the state, conducting some portion of the business for which it was organized. It proceeds upon the theory that when a foreign corporation, availing itself of the rule of comity, carries on its business, or any portion thereof, in this state, it shall be treated and held to be found here, also, to respond to its obligation when called upon to do so in the courts of the state.   But it is quite clear that the mere making of a contract in this state with plaintiffs, to be performed in Washington, in the absence of a more definite statement as to the nature and terms of the contract, and the fact that Loomis, at the time of service upon him, was tem-

porarily within the state for the purpose of negotiating a sale of the property of the defendant corporation, was not an invoking of the comity of the state by the corporation for the exercise of its franchise or the transaction of any portion of the business for which it was organized, and did not, under the statute, give the court jurisdiction; and hence there was no error in sustaining the motion to vacate the service upon Loomis: *Good Hope Co.* v. *Railway Barb. Fencing Co.* 22 Fed. Rep. 635.

3.    The remaining question is whether an action at law can be maintained in this state to enforce a stockholder's liability created by the laws of California.    By the statute of that state each stockholder in a corporation is made personally and individually liable for such proportion of each debt or claim against the corporation as the amount of his stock bears to the whole subscribed capital stock, and any creditor can maintain a several action against him for such proportion of his claim: Deering's Civil Code, § 322.    This statute has repeatedly been before the courts of that state for interpretation, and the construction uniformly put upon it has been that the liability of a stockholder for the corporate debts is primary and original, and in no way dependent or contingent upon a recovery against the corporation, and that proceedings in behalf of a creditor to enforce such liability may be had in an ordinary action at law: *Mokelumne Canal Co.* v. *Woodbury*, 14 Cal. 265; *Davidson* v. *Rankin*, 34 Cal. 503; *Young* v. *Rosenbaum*, 39 Cal. 646; *Sonoma Valley Bank* v. *Hill*, 59 Cal. 107; *Morrow* v. *Superior Court*, 64 Cal. 383 (1 Pac. Rep. 354); *Borland* v. *Haven*, 37 Fed. Rep. 394. It will thus be seen that the liability of a stockholder in a California corporation is, by the statute and decisions of that state, a liability in the nature of a contract, the same in legal effect as if he had separately and directly contracted with a creditor to pay such proportion of his claim as the amount of his stock bears to the whole subscribed

capital stock, and is enforceable by an action at law in the same manner, and we cannot see why it may not be so enforced in this state. The statute indeed creates a new right and liability not existing at common law, but does not prescribe a peculiar remedy for its enforcement; it only declares that it may be enforced by action, leaving the creditor to select such common-law remedies as may be in use in the jurisdiction where the suit is brought to enforce such liability. When a statute not only creates a new right and liability against a stockholder, but prescribes a peculiar remedy for its enforcement, such remedy is sometimes held to be exclusive, and often cannot be enforced in another state by the employment of the remedies, and according to the course of procedure, provided by its laws. In such case it would seem the creditor can enforce the stockholder's liability only in the state where the corporation exists (Cook, Stocks and Stockholders, § 219; *Nimick* v. *Mingo Iron Works*, 25 W. Va. 184); not, however, because the liability is not recognized as valid and binding, but because the forum where it is sought to be enforced is incapable of administering the peculiar remedy provided for its enforcement. Where a liability, however, is created by statute, without making the procedure for its enforcement, as it were, a part of the liability, we cannot see why it should not be enforced in any court having jurisdiction of the subject matter and parties. There is no difference between a statutory and a common-law right or liability in this regard. The nature of the remedy or the jurisdiction of the court to enforce it does not in any manner depend on the question whether it is the one or the other. "Whenever," says Mr. Justice MILLER, "by either the common law, or the statute law of the state, a right of action has become fixed and a legal liability incurred, that liability may be enforced, and the right of action pursued, in any court which has jurisdiction of such matters and can obtain jurisdiction of the parties": *Dennick* v. *Rail-*

*road Co.* 103 U. S. 18. And, in general, a creditor of a corporation whose shareholders are by a statute made personally liable in the nature of a contract for its debts may maintain a suit or action to enforce this liability in any court capable of administering the proper relief, whenever he can obtain jurisdiction over the parties, if it is not opposed to the legislation or public policy of the state in which it is sought to be enforced: Thompson on Liab. of Stock. § 8; *Flash* v. *Conn.* 109 U. S. 371 (3 Sup. Ct. Rep. 213; 16 Fla. 428); Aultman's Appeal, 98 Pa. 505; *Ex parte* Van Riper, 20 Wend. 614.

It is insisted, however, by counsel for defendant that because the rule prevails in this state that the liability of a stockholder to the creditors of a domestic corporation can be enforced only in equity, resort must be had to the same forum to enforce the personal statutory liability of a stockholder in a foreign corporation. We are unable to concur in this view; the liability of a stockholder in this state is upon his obligation to contribute to the capital stock, which is regarded as a trust fund to be held by the corporation for the benefit of its creditors. He is not personally liable to the creditors, except through the corporation, and the creditor is not given, either by the constitution or statute, any remedy against the stockholder, except to require him, in case of the insolvency of the corporation, to contribute for the benefit of the creditors the amount of his unpaid subscription, hence his remedy to enforce this liability is in equity, where the rights of the corporation, the stockholders and creditors can be adjusted in one suit: *Ladd* v. *Cartwright,* 7 Or. 329; *Hodge* v. *Silver Hill Mining Co.* 9 Or. 200; *Brundage* v. *Monumental Mining Co.* 12 Or. 322 (7 Pac. Rep. 314); *Patterson* v. *Lynde,* 106 U. S. 519 (1 Sup. Ct. Rep. 432). But the liability sought to be enforced in this action is, by the statutes and decisions of California, a legal liability in the nature of a contract in favor of the creditor and against the stockholder, enforce-

able in an ordinary action at law, and there is no sufficient
reason why it may not be enforced in the courts of this
state the same as any other legal liability arising on
contract made in another state.

For the reasons suggested, the judgment of the court
below will be affirmed as to the defendant corporation,
and reversed and remanded for further proceedings not
inconsistent with this opinion as to defendant Loomis.