Argued 14 March, decided 16 April, 1907.

### RIDDLE *v.* ORDER OF PENDO.

89 Pac. 640.

FOREIGN CORPORATION—PROCESS—LOCAL SECRETARY AS AGENT.

A secretary of a local branch of a beneficiary society incorporated in another state, whose duty it is to forward to the principal office approved applications for membership, to receive, countersign and deliver certificates issued on such applications, to collect and forward assessments, to keep a list of the local members, to notify the principal secretary of suspensions, withdrawals and deaths, and to communicate information from the supreme officers to the local members, is an "agent" of such foreign beneficiary society on whom summons may be served under Section 55, B. & C. Comp., relating to service of process on foreign corporations.

From Josephine: Hiero K. Hanna, Judge.

This is an action by George R. Riddle, as guardian of a minor, against the Order of Pendo, a private corporation of California. A motion to quash the service of summons having been sustained, plaintiff appeals. The case was submitted on briefs under the proviso of Rule 16: 35 Or. 587, 600.

REVERSED.

For appellant there was a brief over the name of *Mr. H. D. Norton.*

For respondent there was a brief over the name of *Hough & Blanchard.*

Mr. Chief Justice Bean delivered the opinion.

This is an action to recover upon a benefit certificate issued by the defendant to one Mary Simmons for $1,225, payable in the event of her death to Mathew Casey Riddle, and the only question for decision is whether jurisdiction was obtained of the defendant by service of summons in this state upon the secretary of the local or subordinate lodge or council of which the deceased was a member. The defendant is a beneficiary society organized and incorporated under the laws of California, for the purpose, among other things, of providing for the payment of sick, accident and old age benefits to members, and for funeral and pension benefits to their beneficiaries. It is composed of a supreme council with its head office in California and local or subordinate councils in different parts of the country. The supreme council is composed of its officers, standing committees, past supreme councillors and representatives from certain designated representative districts, and is the supreme governing body of the order. The local or subordinate councils are composed of members residing in given localities, acting under a charter from the supreme council, and have among other officers a councillor and a secretary, who are chosen by ballot. Candidates for admission to the order, or to the benefits of the relief fund thereof, are required to make application to the local council on blanks prepared for that purpose, and if their appli-

cations are approved by such council, they are forwarded by the secretary thereof, together with the medical examination, to the officers of the supreme council, and if there approved, a benefit certificate is issued in favor of the applicant, which is returned to the secretary of the local council, where it is countersigned by the chief officer and the secretary, and by the latter delivered to the member.

The money with which to pay the benefit certificates and the obligations thereby incurred is raised from the members of the order by periodical assessments, which are required to be paid to and collected by the secretary of the local council and by him forwarded to the head office. The local secretary is the officer through whom all communications are had between the local council and its members and the supreme council and its officers. He is also required to keep an accurate list of 'members, notify the supreme secretary of all withdrawals, suspensions, expulsions and reinstatements, make out relief fund statements necessary for supreme court dues, conduct all correspondence with the supreme council relating to the several funds, forward to the supreme secretary all applications for membership and the accompanying papers, and when the relief fund certificate is received from the head office he is required to countersign and record it in an appropriate book and deliver it to the member.

The duties thus imposed upon the local secretaries constitute them agents of the corporation within the meaning of the statute, for the purpose of service of process. This was so ruled in *Hildebrand* v. *United Artisans,* 46 Or. 134 (114 Am. St. Rep. 852: 79 Pac. 347), in the case of a domestic corporation; and jurisdiction over foreign corporations, except in special instances, not material here, is obtained in this state in like manner as over domestic corporations: *Farrell* v. *Oregon Gold Co.* 31 Or. 463. The service in this case was, therefore, valid, and the court erred in sustaining the motion to quash.

Judgment reversed and the cause remanded for such further proceedings as may be proper, not inconsistent with this opinion.

REVERSED.