Argued March 4, decided April 20, rehearing denied June 1, 1909.

## CUNNINGHAM v. KLAMATH LAKE R. CO.

[101 Pac. 213; 101 Pac. 1099.]

CORPORATIONS—VENUE—TRANSITORY ACTIONS.

1. Under Section 55, B. & C. Comp., relating to service of summons, a transitory action against a domestic corporation may be commenced, either in the county where it has its principal place of business, or in the county where the cause of action arose.

CORPORATIONS—FOREIGN CORPORATIONS—ACTIONS—VENUE.

2. In the absence of any statute, a foreign corporation maintaining an agency in Oregon, and doing business therein, is deemed a resident thereof, and subject to the jurisdiction of its courts in matters growing out of contracts made in the State or causes of action arising therein, and service of process may be made in the same manner as in the case of a domestic corporation.

CORPORATIONS—ACTIONS—VENUE.

3. At common law, a corporation may be sued only in the sovereignty creating it.

CORPORATIONS—FOREIGN CORPORATIONS—RIGHT TO DO BUSINESS.

4. A state permitting a foreign corporation to do business within its limits may impose such conditions to the exercise of such authority as may seem reasonably necessary to safeguard the interests of its own citizens.

CORPORATIONS—FOREIGN CORPORATIONS—VENUE—STATUTES.

5. Under Laws 1903, p. 39, requiring every foreign corporation doing business in the State to appoint a resident attorney in fact to accept service of process, etc., an action against a foreign corporation, for a personal injury negligently inflicted in another state, may be brought in the county in which the attorney resides.

CORPORATIONS—AMENDING EXISTING STATUTES—VALIDITY.

6. Laws 1903, p. 39, requiring every foreign corporation doing business in the State to appoint a resident attorney to accept service of summons, etc., but containing no reference to Section 44, B. & C. Comp., relating to the place of trial, or to Section 55, prescribing the person on whom a summons may be served, or to Section 528, limiting the jurisdiction of a court over foreign corporations, amends the enumerated sections by implication only, and the changes in the existing laws made in that manner are not violative of any constitutional inhibition.

STATUTES—IMPLIED REPEALS—ACTS CONSTRUED AS ONE.

7. Repeals by implication will not be upheld unless the repugnancy between the prior and subsequent statute, on the same subject, is so manifest that both acts cannot remain in force, and if a later statute only modifies a prior statute, the two must be construed as one act.

CORPORATIONS—FOREIGN CORPORATIONS—ACTIONS—SERVICE OF PROCESS.

8. Where a foreign corporation, pursuant to the requirement of a statute, appoints an attorney in fact or other representative on whom process shall be served, the statutory method is generally exclusive, and service of summons on any other agent is ineffectual.

CORPORATIONS—FOREIGN CORPORATIONS—ACTIONS—JURISDICTION.

9. The state into which the representatives of a foreign corporation are sent to transact lawful business therein, may by proper legislation make the

corporation liable to its citizens in actions and suits, and the corporation may there be sued on any transitory cause of action, no matter where it arose.

CORPORATIONS—RESIDENCE.

10. A corporation is deemed to be a resident of the state of its creation.

CORPORATIONS—FOREIGN CORPORATIONS—PROCESS.

11. In the absence of any express legislation on the subject, Section 55, subd. 1, B. & C. Comp., relating to the service of summons in actions against private corporations, though intended to be applied to domestic corporations, applies to foreign corporations doing business in the State.

CORPORATIONS—FOREIGN CORPORATIONS—JURISDICTION—STATUTE.

12. The requirement of Laws 1903, p. 39, that a statement giving the location of the principal office of a foreign corporation doing business in the State shall be filed with the Secretary of State, is designed to afford evidence of its doing business in the State, and does not definitely fix the place where actions against it may be maintained.

From Multnomah: EARL C. BRONAUGH, Judge.

This is an action by A. A. Cunningham against the Klamath Lake Railroad Company, to recover damages for a personal injury. From a judgment in favor of plaintiff, defendant appeals.        AFFIRMED.

For appellant there was a brief over the names of *Messrs. Williams, Wood & Linthicum,* and *Mr. Isaac D. Hunt,* with oral arguments by *Mr. Stewart B. Linthicum* and *Mr. Hunt.*

For respondent there was a brief and an oral argument by *Mr. James N. Davis.*

Opinion by MR. CHIEF JUSTICE MOORE.

This action was commenced in Multnomah County, Oregon, to recover damages for a personal injury. The complaint states in effect that defendant is a foreign corporation, engaged in business as a common carrier, and that, complying with the laws of this State, it had appointed John W. Alexander of Portland, as its attorney in fact and resident general agent, who was its representative; that on June 19, 1907, the plaintiff, a resident of Portland, was a passenger on one of defendant's trains from Pokegama, Klamath County, Oregon, to Thrall, Siskiyou County, California, and upon arriving at the latter place was injured, and that, owing to the defendant's alleged

negligence, he was damaged in the sum of $400. The sheriff's return, indorsed upon the summons issued in the case at bar, states that process was personally served on the defendant in Multnomah County by delivering a certified copy thereof, and also a certified copy of the complaint herein to Alexander. The defendant's counsel, appearing specially, moved to set aside such service, on the ground that the court was without jurisdiction of their client, because the action had not been commenced in the proper county. In support of the motion Alexander's affidavit was filed, wherein he states that the defendant, having been incorporated under the laws of California, duly appointed him its attorney in fact and resident agent, by filing with the Secretary of State of Oregon its power of attorney, which stated that the location of the defendant's principal office in Oregon is at Pokegama; that affiant resides at Portland, and, except the business specified in the power of attorney, he has no other official relationship with the corporation; that the defendant neither has an office, nor transacts any business, in Multnomah County; and that the cause of action arose in Siskiyou County, California. The motion was denied. As the defendant declined to plead or answer, the cause was tried as to the damages sustained; and, judgment having been rendered as demanded, the defendant appeals.

1. The question to be considered is: Did the enactment of February 16, 1903 (Laws 1903, p. 39), amend by implication the statutes of this State, so as to obtain jurisdiction of the person of the defendant by a service of the summons upon its attorney in fact and resident general agent in Multnomah County, when the cause of action stated in the complaint arose in California, and the defendant's principal office in Oregon is in Klamath County? The act referred to requires most corporations formed for profit to pay to the Secretary of State certain organization fees, and demands that foreign cor-

porations shall file with that officer a written declaration containing a statement of specified facts. Section 6 of the enactment, so far as involved herein, is as follows:

"Every foreign corporation * * before transacting business within this State, shall file the declaration and pay the entrance fees hereinafter provided, and shall duly execute and acknowledge a power of attorney, and cause the same to be recorded in the office [of] the Secretary of State, which power of attorney shall be irrevocable, except by the substitution of another qualified person for the one mentioned therein as attorney in fact, and such power of attorney shall appoint some person who is a citizen of the United States and a citizen and resident of this State, as attorney in fact for such foreign corporation, * * and such appointment shall be deemed to authorize and empower such attorney to accept service of all writs, process, and summons, requisite or necessary to give complete jurisdiction of any such corporation, * * to any of the courts of this State, * * and shall be deemed to constitute such attorney the authorized agent of such corporation * * upon whom lawful and valid service may be made of all writs, process, and summons in any action, suit, or proceeding commenced by or against any such corporation * * in any court mentioned in this section, and necessary to give such court complete jurisdiction thereof."

A transitory action against a domestic corporation may be commenced, either in the county where it has its principal office or place of business, or in the county where the cause of action arose. Section 55, B. & C. Comp.; *Holgate* v. *Oregon Pac. Ry. Co.,* 16 Or. 123 (17 Pac. 859); *Bailey* v. *Malheur Irrigation Co.,* 36 Or. 54 (57 Pac. 910); *Winter* v. *Union Packing Co.,* 51 Or. 97 (93 Pac. 930).

2. Prior to the enactment of 1903, as hereinbefore quoted, it was ruled that, in the absence of any statute regulating the matter, a foreign corporation maintaining an agency in Oregon, and doing business therein, was to be deemed a resident thereof, and subject to the jurisdiction of its courts in all matters growing out of con-

tracts made in this State, or causes of action arising therein, and that service of process could be made in the same manner as in the case of a domestic corporation. *Aldrich* v. *Anchor Coal Co.*, 24 Or. 32 (32 Pac. 756: 41 Am. St. Rep. 831) ; *Farrell* v. *Oregon Gold Co.*, 31 Or. 463 (49 Pac. 876). The case of *Hildebrand* v. *United Artisans*, 46 Or. 134 (79 Pac. 347: 114 Am. St. Rep. 852), was decided after the enactment of 1903, to which statute reference has been made; but, as the defendant in that action was a domestic corporation (*Riddle* v. *Order of Pendo*, 49 Or. 229, 231: 89 Pac. 640), anything said in the opinion is not controlling herein. The same assertion may be made in relation to the case of *Knapp* v. *Wallace*, 50 Or. 348 (92 Pac. 1054), which was decided after the passage of the act of 1903, requiring the appointment of an attorney in fact. One of the defendants in that suit was the Althouse Mining Company, a foreign corporation; but, as the relief sought · was the foreclosure of a real estate mortgage, the suit was local, and could have been brought only in the county in which the land was situated. Section 42, subd. 1, B. & C. Comp.

3. At common law a corporation could be sued only in the sovereignty which imparted vitality to such artificial being. *Aldrich* v. *Anchor Coal Co.*, 24 Or. 32 (32 Pac. 756: 41 Am. St. Rep. 831). "The doctrine of the exemption of a corporation from suit in a State other than that of its creation," says Mr. Justice FIELD, in *St. Clair* v. *Cox*, 106 U. S. 350, 355 (1 Sup. Ct. 354, 358: 27 L. Ed. 222), "was the cause of much inconvenience, and often of manifest injustice. The great increase in the number of corporations of late years, and the immense extent of their business, only made this inconvenience and injustice more frequent and marked. Corporations now enter into all the industries of the country. The business of banking, mining, manufacturing, transportation, and insurance is almost entirely carried on by them, and a large portion

of the wealth of the country is in their hands. Incorporated under the laws of one state, they carry on the most extensive operations in other states. To meet and obviate this inconvenience and injustice the legislatures of several states interposed, and provided for service of process on officers and agents of foreign corporations doing business therein. Whilst the theoretical and legal view that the domicile of a corporation is only in the state where it is created was admitted, it was perceived that, when a foreign corporation sent its officers and agents into other states, and opened offices and carried on its business there, it was, in effect, as much represented by them there as in the state of its creation. As it was protected by the laws of those states, allowed to carry on its business within their borders, and to sue in their courts, it seemed only right that it should be held responsible in those courts to obligations and liabilities there incurred."

4. The comity which exists between the several states of the Union permits a corporation organized under the laws of one state to pursue its occupation by agents who maintain places of business in another state; but, as a condition precedent to the exercise of express or implied authority, the latter state may impose such reasonable regulations as may seem necessary to safeguard the interests of its own citizens.

5. The policy thus outlined was adopted by the legislative assembly of Oregon in 1903, when the act under consideration was passed, prescribing the manner of appointing a representative upon whom process should be served, in order that a court of this State might obtain jurisdiction of the person of a foreign corporation, and changing the method which, in the absence of any statute upon the subject, had theretofore prevailed, whereby the service was made as in the case of a domestic corporation. *Aldrich* v. *Anchor Coal Co.*, 24 Or. 32 (32 Pac. 756: 41 Am. St. Rep. 831). Whether or not jurisdiction can be secured by serving process upon an agent of a foreign

corporation at its principal office or usual place of business in this State, or whether or not a transitory action can be commenced in any county thereof, and the process served on an attorney in fact in another county therein, is unnecessary to determine, for this action was instituted in the county in which the plaintiff and the attorney in fact resided, and the service of the summons upon him was, in our opinion, sufficient to confer jurisdiction of the person of the defendant.

6. The act of 1903 contains no reference to any statutes regulating the place of trial (Section 44, B. & C. Comp.), or prescribing the person upon whom a summons is required to be served (Section 55, B. & C. Comp.), or limiting the jurisdiction of a court over foreign corporations (Section 528, B. & C. Comp.) ; but, as the enactment in question amends such statutes only by implication, changes in existing laws which are made in that manner are not violative of any constitutional inhibition. Cooley's Con. Lim. (7 ed.) 216; *Warren* v. *Crosby,* 24 Or. 558 (34 Pac. 661).

No error having been committed in refusing to set aside the service of the summons, the judgment is affirmed.                                          AFFIRMED.

---

Decided June 1, 1909.

## ON PETITION FOR REHEARING.
[101 Pac. 1099.]

Opinion by MR. CHIEF JUSTICE MOORE.

7. It is contended by defendant's counsel in a petition for a rehearing, that the only inconsistency between the act of 1903, relating to the manner of obtaining jurisdiction of the person of a foreign corporation (Laws 1903, p. 39), and the then existing law on that subject, lies in the specification by that act of another person as a representative of such corporation upon whom process may be served; that, such being true, an error was

committed by this court in failing to construe the act in connection with the prior law, so as to hold that an action against a foreign corporation can be prosecuted only in the county where the cause of action arose, or in the county where the corporation maintains its principal place of business; and that, as neither of these jurisdictional prerequisites has its source nor exists in Multnomah County, the judgment there rendered should have been reversed. The rule is universal that repeals by implication will not be upheld unless the repugnancy between a prior and a subsequent act, on the same subject, is so manifest that both enactments cannot remain in force, and that, if the later statute only modifies a prior law, the two must be construed as one act. *Sandys* v. *Williams,* 46 Or. 327 (80 Pac. 642); *Hall* v. *Dunn,* 52 Or. 574 (97 Pac. 811).

8. In the opinion it was intimated that the act of 1903 impliedly amended the statutes of this State so that jurisdiction of the person of the defendant, a foreign corporation, was obtained by the service of a summons upon its attorney in fact and resident general agent in Multnomah County, though the cause of action did not arise and the defendant's principal place of business is not located therein. It is generally held that when a foreign corporation, pursuant to the requirement of an act of the legislature, appoints an attorney in fact or other representative upon whom process should be served, the statutory method thus prescribed is exclusive, and service of the summons upon any other agent is ineffectual. Beale, Foreign Corp. § 268; Murfree, Foreign Corp. § 198.

9. A state, allowing a foreign corporation to do any lawful business within its limits, may, in order to protect the rights of her own citizens, impose such reasonable conditions as may be proper, so long as the restrictions prescribed do not trench upon the Constitution of the United States or violate the laws thereof or transgress the rules of public policy which secure the jurisdiction

and preserve the authority of each state from encroachment by all others, or invade that principle of natural justice which forbids condemnation without an opportunity to make a defense. *Lafayette Ins. Co.* v. *French,* 18 How. 404 (15 L. Ed. 451) ; *St Louis* v. *Ferry Co.,* 11 Wall. 423 (20 L. Ed. 192) ; *Doyle* v. *Continental Ins. Co.,* 94 U. S. 535 (24 L. Ed. 148).

10. A corporation is deemed to be a resident of that state by the laws of which it was created; but, as the artificial being may send agents into other states to transact any business that is not *ultra vires,* the state to which such representatives are dispatched may by proper legislation make the corporation liable to its citizens in actions and suits. A text writer, discussing this subject, says :

"It is generally held that if a corporation does business within a state, and thereby consents to be sued in the courts of that state, the consent is not confined to causes of action arising within the state, but that the corporation may there be sued upon any transitory cause of action, whether in contract or in tort, no matter where it arose." Beale, Foreign Corp. § 280.

11. Section 55, subd. 1, B. & C. Comp., was evidently intended to apply only to domestic corporations, but, in order to subserve justice, the enactment, in the absence of any express legislation on the subject, was necessarily held to apply to foreign corporations. *Farrell* v. *Oregon Gold Co.,* 31 Or. 463 (49 Pac. 876) ; *Riddle* v. *Order of Pendo,* 49 Or. 229 (89 Pac. 640). It is very doubtful if the act of 1903 was even an implied amendment, for prior thereto, no express enactment existed in Oregon regulating the service of process upon foreign corporations. "If by statute a foreign corporation," says an author, "is liable to suit in the county in which it does business, it can be sued in no other, though, if there is no such statute, a foreign corporation, not being a resident, may be sued in any county." Beale, Foreign Corp. § 295.

12. The requirement of the act of 1903 that a statement giving the location of the principal office of a foreign corporation shall be filed with the Secretary of State was evidently designed to afford evidence that it was doing business in the state, and not definitely to fix the place where actions against such corporations should be maintained.

We believe that the interpretation heretofore given to the act under consideration does not violate the rule applicable to implied amendments.

The petition for a rehearing is therefore denied.

AFFIRMED: REHEARING DENIED.