Argued June 8; demurrer to alternative writ overruled
September 21, 1943

# STATE ex rel. MASSACHUSETTS BONDING & INSURANCE CO. *v.* UPDEGRAFF

(141 P. (2d) 251)

248

Before Bailey, Chief Justice, and Belt, Rossman, Kelly, Lusk, Brand and Hay, Associate Justices.

*John Lichty,* of Portland (Lichty & Doxey, of Portland, on the brief) for petitioner.

*George P. Jones,* of Fossil (Fred Finsley, of Salem, on the brief) for respondent.

HAY, J.   This is an original proceeding in mandamus.  The relator is an insurance company, a Massachusetts corporation, duly authorized to do business in this state. The respondent, George G. Updegraff, is the circuit court judge for Wheeler county.

In compliance with the laws of Oregon, the relator appointed John Lichty as its statutory attorney for service of process.  Mr. Lichty resides in Portland, Multnomah county, Oregon.  The only office or place of business maintained by the relator within the state of Oregon is in Portland, and it owns no property within the state of Oregon except in Multnomah county. None of its officers reside in Oregon, and it has no employees or agents except in Multnomah county.

On January 21, 1943, George R. Reed commenced an action at law against the relator in the circuit court of the state of Oregon for Wheeler county.  Summons and complaint were served, within Multnomah county, on relator's statutory agent for service.  Relator made special appearance in the action by moving to quash

the service, on the ground that the court did not have jurisdiction over it. The respondent, as judge of the court, denied the motion to quash, and relator thereupon instituted this proceeding in mandamus, seeking to have this court command the respondent to vacate his order denying such motion. An alternative writ issued in due course, and the cause is now before us upon respondent's demurrer thereto.

Reed's action was based upon a policy of health and accident insurance, which was issued by the relator to him in Wheeler county, Oregon. The record before us fails to disclose where the cause of action arose.

■■ The respondent's demurrer has the effect of admitting the truth of the material recitals of the alternative writ of mandmus. Mandamus is an appropriate remedy in this case. *State ex rel. v. Latourette,* 168 Or. 584, 125 P. (2d) 750; *State ex rel. v. Kanzler,* 129 Or. 85, 276 P. 273; *State ex rel. v. Dobson,* 171 Or. 492, 135 P. (2d) 794.

■ At common law, a corporation could be sued only in the courts of the sovereignty of its origin. This was the rule of the early American decisions. *Desper v. Continental Water Meter Co.,* (1884) 137 Mass. 252; *McQueen v. Middletown Mfg. Co.,* (1819) 16 Johns. (N. Y.) 5; *Robb v. Chicago & A. R. Co.,* (1871) 47 Mo. 540. Chief Justice Taney, in *Bank of Augusta v. Earle,* (1839) 13 Pet. (U. S.) 519, 10 L. Ed. 274, said that a corporation "must dwell in the place of its creation, and cannot migrate to another sovereignty." Practical considerations, however, caused the courts to relax the common-law rule, and it is now generally held that the corporate franchise granted to a corporation by the state of its origin may be recognized in another state, and the corporation be permitted to do business therein, subject

to such terms and conditions as the legislature of that state may lawfully impose. 23 Am. Jur., Foreign Corporations, section 17; *In re Pantlind Hotel Company,* 232 Mich. 330, 205 N. W. 99, 49 A. L. R. 1291. See *Aldrich v. Anchor Coal Co.,* 24 Or. 32, 32 P. 756, 41 Am. St. Rep. 831.

■ Venue statutes which discriminate unreasonably against foreign corporations, as, for example, those which subject them to suit in any county in the state, while providing that domestic corporations shall be sued only in the counties where are "found" or do business or have a representative, are generally held to be unconstitutional. 23 Am. Jur., Foreign Corporations, section 503, p. 523. The relator confidently asserts that, in a cause of action such as is involved herein, a domestic corporation can be sued only in the county wherein it maintains its principal place of business. It maintains that a foreign corporation may not lawfully be laid under a more stringent rule as to venue, and that its subjection to suit in Wheeler county, under the circumstances, unreasonably discriminates against it, in violation of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States.

The Oregon law fixing the venue of transitory actions is section 1-403, O. C. L. A., which reads as follows:

"In all other cases the action shall be commenced and tried in the county in which the defendants, or either of them, reside or may be found at the commencement of the action; provided, that in any action founded on an alleged tort, the same may be commenced either in the county where the cause of action arose or in the county where the defendants, or one of them, resides or may be found at the commencement of the action; provided further, that if

none of the defendants resides in this state the action may be tried in any county which plaintiff may designate in his complaint.''

Section 1-605, subd. (1), O. C. L. A., providing the manner in which summons is to be served upon private corporations, reads:

"If the action be against a private corporation, to the president or other head of the corporation, vice president, secretary, cashier, assistant cashier or managing agent, or, in case none of the officers of the corporation above named shall reside or have an office in the county where the cause of action arose, then to any clerk or agent of such corporation who may reside or be found in the county, or, if no such officer be found, then by leaving a copy thereof at the residence or usual place of abode of such clerk or agent.''

■ Construing these two sections together, this court has established the rule that transitory actions against domestic corporations may be brought either in the county where the corporation maintains its principal place of business or in that in which the cause of action arose. *Holgate v. O. P. R. R. Co.*, 16 Or. 123, 17 P. 859; *Bailey v. Malheur Irrigation Co.*, 36 Or. 54, 57 P. 910; *Winter v. Union Packing Co.*, 51 Or. 97, 93 P. 930; *Davies v. Oregon P. & P. Co.*, 61 Or. 594, 598, 123 P. 906; *Cunningham v. Klamath Lake R. Co.*, 54 Or. 13, 101 P. 213, 1099.

The proviso which appears in section 1-403, O. C. L. A., to the effect that any action founded on alleged tort may be commenced either in the county where the cause of action arose or in that where the defendants, or one of them, reside or may be found at the commencement of the action, was not present in the original

statute, which was enacted in 1862 (B. & C. Code, section 44), and was as follows:

"In all other cases, the action shall be commenced and tried in the county in which the defendants or either of them reside or may be found at the commencement of the action; or, if none of the parties reside in this state, the same may be tried in any county which the plaintiff may designate in his complaint."

■ *Holgate v. O. P. R. R. Co.,* supra, was decided in 1888, and held, as heretofore mentioned, that, in transitory actions, a domestic corporation might be sued either in the county where it has its principal place of business or in the county where the cause of action arose. In 1909 (Laws 1909, chapter 43), the section was amended by adding the proviso with reference to actions founded upon tort. Prior to such amendment, transitory actions against natural persons could be brought only in the county where the defendant resided or was found at the commencement of the action. It is apparent, therefore, that the amendment had reference only to actions against natural persons, as the right to lay the venue in the county where the cause of action arose already existed in actions against private corporations.

■ Assuming that venue is properly laid, a question arises concerning the proper place of service. Where a domestic corporation is sued in the county of its principal place of business, service may be made upon one of its principal officers anywhere in the state. *Davies v. Oregon P. & P. Co.,* supra. Such service is personal, as distinguished from substituted service.

■ If the venue is laid where the cause of action arose, there again service may be had upon any of the principal officers of the defendant corporation any-

where in the state. In *Bailey v. Malheur Irrigation Co.*, supra, action was commenced in Harney county, where the cause of action arose, and summons was served on the defendant corporation's president in Union county, where its principal place of business was maintained. This was held to be valid personal service upon the corporation. The court, referring to that section of the Code which is now section 1-605, subd. (1), O. C. L. A., remarked that that section extended to litigants the right to sue a domestic corporation in the county in which the action arose, and provided that, in the event that none of the principal officers of the defendant corporation were within such county, substituted service might be made upon any clerk or agent of the corporation who might reside or be found in such county. Such substituted service, however, was not designed to "impinge upon the personal service which obtained under the statute as it originally stood". In that case, while it happened that the president was served in the county wherein the corporation had its principal office, in our opinion that fact is immaterial to the principle involved, which is that service upon one of the principal officers of the corporation anywhere in the state is personal service upon the corporation. (*Davies v. Oregon P. & P. Co.*, supra.)

Section 77-301, O. C. L. A., with reference to foreign corporations generally, and section 101-106, O. C. L. A., with reference to foreign and "alien" insurance companies specifically, provide that any such corporation, before transacting business in this state, shall, among other things, appoint some person, who is a citizen of the United States and a resident of Oregon, as attorney in fact "to accept service of all writs, process and summons requisite or necessary to give complete

jurisdiction'' of such corporation ''to any of the courts of this state''. It is proper to construe those sections together, along with the section as to venue (section 1-403, O. C. L. A.), as all of them relate to the same subject. *Holgate v. O. P. R. R. Co.*, supra. We construe them to mean that service of summons upon the resident agent for service is sufficient to give complete jurisdiction to any court of the state in which the venue of an action is properly laid. In our opinion, any private corporation, whether domestic or foreign, may be sued in a transitory action either in the county of its principal place of business or in the county where the cause of action arose.

This court, in *Ramaswamy v. Hammond Lumber Co.*, (1915) 78 Or. 407, 152 P. 223, held that, in a transitory action, complete jurisdiction of a foreign corporation might be obtained by the circuit court for any county wherein such action might be commenced, by service of summons and complaint upon the corporation's resident agent for service, regardless of the place of residence of such agent, the location of the corporation's principal place of business, or the venue of the action. In our opinion, this holding was based upon a misconstruction of our statutes with reference to venue and to service of summons upon private corporations. In so far as it conflicts with what has been said herein in that connection, it is overruled.

■ In *Cunningham v. Klamath Lake R. Co.*, supra, the defendant was a foreign corporation, and was sued upon a transitory cause of action which arose outside of this state. Its principal place of business was in Klamath county and its statutory agent for service resided in Multnomah county. The action was commenced in Multnomah county and the agent was there

served. The court held that the requirement of the Act of 1903, (section 77-302, O. C. L. A.), that a foreign corporation should file with the secretary of state (now with the corporation commissioner) a statement giving the location of its principal office within this state, was designed to afford evidence that it was doing business in the state, and not definitely to fix the place where actions against it should be maintained. In so far as this comment might seem to indicate that there may be three different counties in which suit may be brought upon transitory actions against foreign corporations, we feel that it should be clarified. In our opinion, the only proper venue of transitory actions against foreign corporations is either the county where they maintain their principal place of business or that in which the cause of action arose.

██ In the event that a transitory action against a foreign corporation is commenced either in the county of its principal place of business or in that wherein the cause of action arose, we are of the opinion that personal service upon the corporate defendant in such action may be made upon the statutory agent for service at any place where he may be found within the state. The corporation has made him its attorney in fact for the specific purpose of accepting such service, and his position is analogous to that of the president or other principal officer of the corporation, service upon whom is personal service upon the corporation.

██ The final sentence of section 1-403, O. C. L. A., reads: "* * * if none of the defendants resides in this state the action may be tried in any county which plaintiff may designate in his complaint." As originally enacted in 1862, (B. & C. Code, section 44), the sentence referred to read: "* * * if none of the *parties*

reside in this state, the same may be tried in any county which the plaintiff may designate in his complaint.'' The statute was amended in 1909, (Laws 1909, chapter 43), and the proviso amended to read as follows: ''* * * if none of the *parties defendant* reside in this state the same may be tried in any county which the plaintiff may designate in his complaint.'' Again, in 1929, (Laws 1929, chapter 239), a further amendment was made, causing the sentence to read: ''* * * if none of the defendants resides in this state'', et cetera. As long ago as the year 1864, the statutes provided that a foreign corporation, before transacting business in Oregon, was required to execute and acknowledge, and record in the county clerk's office of each county where it had a resident agent, a power of attorney, appointing some citizen of the United States and resident of this state as its attorney ''to accept service of all writs and process requisite or necessary to give complete jurisdiction of such corporation to any of the courts of this state, or United States courts therein * * *''. Deady's General Laws of Oregon, 1845-1864, ch. 20, sec. 9. In *Aldrich v. Anchor Coal Co.*, 24 Or. 32, 32 P. 756, 41 Am. St. Rep. 831, this court held that a foreign corporation doing business in a state other than that of its origin, by virtue of that state's permission either by statute or by acquiescence, ''is to be deemed a resident, and subject to the jurisdiction of the courts of the latter in all matters founded upon contracts made, or causes of action arising there, and service may be made upon it in the same manner as (upon) a domestic corporation, where the law does not provide otherwise''. This is the general rule. Cases supporting it will be found collated in an annotation in 129 A. L. R., at page 1287. See also *Miller v. Eastern Oregon Gold Min. Co.*, (C. C., Ore. Dist. 1891) 45 F. 345; *Bohn v. Better Biscuits,*

*Inc.,* 26 Cal. App. (2d) 61, 78 P. (2d) 1177; *Western-Knapp Engineering Co. v. Gilbank,* (C. C. A. 9, 1942) 129 F. (2d) 135. Under those authorities, it is apparent that the relator, for the purpose of service of process upon it, is to be regarded as a resident of this state. That being so, the last sentence of section 1-403, O. C. L. A., has no reference to relator, or to any foreign corporation lawfully doing business in Oregon.

In support of its position in this case, the relator relies upon the case of *Power Mfg. Co. v. Saunders,* 274 U. S. 490, 71 L. Ed. 1165, 47 S. Ct. 678. That case was decided in 1927. The defendant was an Ohio corporation. It transacted business in Arkansas, by virtue of compliance with the statutes of that state regulating the admission of foreign corporations. It maintained a warehouse at Stuttgart, in Arkansas county, where it carried on local business only. It did no business, and had no officer, agent or property anywhere else in the state. The plaintiff was employed by the defendant and worked in its warehouse at Stuttgart, and, in the course of his employment, he sustained certain physical injuries. Seeking to recover compensation therefor, he brought an action against the defendant in Saline county, Arkansas, the county seat of which was situated a distance of approximately seventy-five miles by railroad from Stuttgart. The statutes of Arkansas required that a transitory action, if against a domestic corporation, should be brought in a county in which the corporation had a place of business, or in which its chief officer resided; if against a natural person, in the county in which he resided or might be found; but if against a foreign corporation, then in any county in the state. The defendant, by motion to dismiss, contested the right of the plaintiff to bring suit against it in Saline county, and, in support of its contention, argued

that the venue statutes were arbitrary and unreasonably discriminatory against foreign corporations.

The court, in a divided opinion, (Justices Holmes and Brandeis dissenting), held that the Arkansas statutes effected a real and substantial discrimination against foreign corporations in favor of domestic corporations and natural persons, and hence were in conflict with the equal protection clause of the Fourteenth Amendment.

In *State ex rel. Kahn v. Tazwell,* (1928) 125 Or. 528, 266 P. 238, 59 A. L. R. 1436, this court held that the New York Life Insurance Company, a foreign corporation, by appointing an agent for service of all writs, process and summonses requisite to give complete jurisdiction over it to any of the courts of this state, in compliance with the requirements of the state law, impliedly consented to be sued in any of such courts. The question involved, however, was as to the jurisdiction of the courts of Oregon over the cause of suit, and had no reference to venue in any particular county.

In *State ex rel. Northern Life Insurance Co. v. Norton,* (1929) 131 Or. 382, 283 P. 12, which sought mandamus to require the defendant, a judge of the circuit court, to grant the relator, a foreign insurance company lawfully doing business in Oregon, a change of venue from Josephine county, wherein it had been sued, to Multnomah county, wherein its principal place of business was maintained, this court cited and approved *Power Mfg. Co. v. Saunders,* supra, although denying mandamus on the ground that the relator, by answering to the merits, had waived its right to object to improper venue.

We are of the opinion that the ruling of the supreme court in *Power Mfg. Co. v. Saunders* is not applicable to the facts as to venue shown by the record

in the present case. As we have seen, under the law of Oregon foreign corporations receive parity of treatment with domestic corporations with respect to the venue of suits against them in transitory actions. *State ex rel. Kahn v. Tazwell* and *State ex rel. Northern Life Insurance Co. v. Norton,* supra, in so far as they conflict herewith, may be considered as overruled.

In *Winslow Lbr. Co. v. Edward Hines Lbr. Co.,* 125 Or. 63, 266 P. 248, it is stated, in effect, that, in transitory actions against a foreign corporation, the defendant may be sued at any place where personal service can be had upon it, and that it is immaterial where the cause of action arose. The defendant there was a foreign corporation, but, although doing business in Oregon, it had failed to comply with the state laws in that connection. It was sued where it maintained its principal place of business in this state, and service was made upon its representative or agent in charge of its business at that place. None of its principal officers was within this state. No doubt the court's statement was correct as confined to the facts of that case and, in our opinion, it does not conflict with anything which we have said herein.

. ■ Because of the fact that the record before us does not show that Reed's cause of action arose in Wheeler county, the relator's motion to quash service of summons should have been allowed. The demurrer to the alternative writ of mandamus will be overruled. It is presumed that the respondent, Judge Updegraff, will be governed by this opinion without the necessity for the issuance of a peremptory writ of mandamus, but, if not, then a peremptory writ will issue in due course upon ex parte application by the relator therefor. No costs will be allowed to either party.